AUGUSTA W. BATES, Respondent, *v.* THE FIRST NATIONAL BANK OF BROCKPORT, Appellant.

In an action by plaintiff, a married woman, to recover the amount of certain deposits, she proved that she indorsed and delivered to her husband two checks belonging to her, and payable to her order, for the purpose of having the same deposited, in her name, with the defendant. She then produced a bank-book in the usual form, in which the amount of the checks was credited to her as depositor. Defendant offered to show in substance that at the time of the first deposit it was orally agreed between plaintiff's husband and defendant, that the deposit should be made to defendant's credit, on condition that the same might be withdrawn by the husband on check drawn by him in plaintiff's name ; that the second deposit was also made under a similar agreement, and that the deposits were subsequently so withdrawn. This was objected to and excluded. *Held* no error ; that the request of the husband to have the deposit made in the name and to the credit of plaintiff, and a pass-book issued to her, taken in connection with the checks made payable to her, sufficiently disclosed the agency of the husband ; that authority to sign his wife's name to future checks could not be inferred from the fact of his making the deposits ; and defendant could not prove an arrangement with him hostile to her interests and beyond the apparent scope of the agency, without proof of actual authority from her.

(Argued May 1, 1882 ; decided May 30, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of plaintiff, entered upon an order made December 31, 1880, which denied a motion for a new trial and directed judgment on a verdict. (Reported below, 23 Hun, 420.)

This action was brought to recover the amount of certain deposits alleged to have been made by plaintiff with defendant.

The facts disclosed by plaintiff's evidence were substantially as follows :

The plaintiff received from the administrator of her father's estate, by checks signed by him as administrator and payable to her order, two separate sums of $500 each. She indorsed the first check in blank and delivered it to her husband, Gustavus

Bates, with directions to take it to the defendant's bank and deposit the amount in her name and bring back a pass-book. He took the check to the banking office of the defendant which made out a pass-book with the following entry therein:

"First National Bank of Brockport in account with Augusta W. Bates.

| *Dr.* | *Cr.* |
|---|---|
| May 2, 1874,.............$500 | " |

There was no other writing or printing in the pass-book. This book was brought back from the bank and delivered to plaintiff by her husband. Plaintiff also indorsed the second check in blank and gave it to her husband with her bank-book and with instructions to deposit it in her name and for her. He took the pass-book and brought it back to her on the same day, the bank having entered therein another credit to her like the first, as follows: "May 14, $500," and the same was produced in evidence.

Defendant offered to prove by its teller that on the 2d of May, 1874, Gustavus Bates, the husband, came to the banking office of the defendant with the first of the above-mentioned checks and deposited the same in pursuance of an agreement made between him and the teller acting for the bank, that the money specified in the check should be deposited to the credit of the plaintiff, with the condition that the same should be withdrawn upon checks made by Bates in her name, and that the same was subsequently so withdrawn. Upon the objection of the plaintiff's counsel the court ruled that the evidence was competent and material, provided the counsel for the defendant expected to follow it with any evidence of the agency of Mr. Bates to sign checks in the name of his wife, or of the wife's permission to the husband to withdraw the money in his own name or in her name; or if the counsel for the defendant expected to follow it with any evidence of ratification by the plaintiff of the act of withdrawal of the money. The defendant's counsel thereupon stated that he offered the evidence irrespective of the

fact of such agency or any subsequent ratification, and upon the sole ground of the husband's contract with the teller, made at the time and constituting a part of the contract, and thereupon the court sustained the objection, to which the defendant's counsel excepted. The defendant then offered to prove that at the time of the second deposit, Bates came to the bank with $500 in currency, which was deposited with the like oral agreement, and that the amount was withdrawn by Gustavus Bates, upon a check made by him in the name of the plaintiff, the same statement being made by the counsel as to the agency and ratification. The evidence was, upon objection made by the plaintiff's counsel, rejected.

The jury under the direction of the court rendered a verdict for plaintiff for the amount of the two deposits.

*William F. Cogswell* for appellant. Defendant had a right to prove that the deposits were made on an oral agreement with plaintiff that the money should be drawn out on checks made by plaintiff or by her husband in her name, and that the same was all drawn out by checks of the husband in his wife's name. (*Hotchkiss* v. *Mosher*, 48 N. Y. 478 ; *Gage* v. *Jaquith*, 1 Lans. 207 ; *Felkin* v. *Whyland*, 24 N. Y. 338 ; *Terry* v. *Wheeler*, 25 id. 520 ; *Brewers' F. Ins. Co.* v. *Binger*, 10 Hun, 56 ; *McArthur* v. *Soule*, 5 id. 63.)

*J. D. Decker* for respondent. One authorized to receive checks in payment for his employer, while engaged in the transaction of his employer's business, has no authority to indorse his employer's name on such check, where payable to his order and not negotiable, and in doing so and transferring the checks, the transferee gets no title and is liable to the owner. (*Robinson et al.* v. *The Chemical Nat. Bk.*, 13 Weekly Dig. 152 ; 10 id. 315 ; *Talbot* v. *Bk. of Rochester*, 1 Hill, 295 ; *Johnson* v. *First Nat. Bk.*, 6 Hun, 124 ; *Craighead* v. *Peterson*, 72 N. Y. 283.) A principal is not bound by the acts of his agent in excess of his authority, where the party dealing with him has not the right to believe that the agent was acting within his authority. ( *Welsh* v. *Hartford Ins. Co.*, 73 N. Y. 10 ; *Mechs.*

*Bk.* v. *N. Y. & H. R. R. Co.,* 13 id. 631; 64 id. 446; 25 id. 296.) Any special contract or arrangement which defendant made with plaintiff's husband not within his actual or apparent authority, or which is apparently or openly in violation of and outside his authority, is at the risk of the defendant, and not binding on the plaintiff. (18 Wend. 497; 5 Johns. 57; 15 id. 54; 16 N. Y. 134; 6 Mann. Gr. & S. 766; 7 Barn. & Cres. 278; 2 Johns. 48; 7 id. 390; 3 Term R. 757; 3 Hill, 262; Story on Agency, 17.) Neither declarations nor oral agreements are admissible to contradict or qualify the plain terms and legal intendment of a writing governing the transaction. (4 Seld. 404; 53 N. Y. 391; 49 id. 395; 39 id. 214; 3 Hand, 319; 5 Lans. 493; 4 N. Y. 491; 48 id. 391; 12 id. 464; 38 id. 121; 46 id. 86; 7 Mass. 107; *Rich* v. *Niagara S'vgs Bk.,* 3 Hun, 483.) The entry of the names on the signature-book formed no part of the contract of deposit. (*Pardee* v. *Fish,* 60 N. Y. 268; *Barnes* v. *Ontario Bk.,* 19 id. 152; *Miller* v. *Austin,* 13 How. [U. S.] 218, 228; *Bk. of Orleans* v. *Merrill,* 2 Hill, 295.) The defendant had constructive notice that the money deposited was plaintiff's property. (*Mechs. Bk.* v. *N. Y. & N. H. R. R. Co.,* 13 N. Y. 632–7; *Dun* v. *Hornbeck,* 72 id. 89; *Higgin* v. *Bush,* 12 Johns. 306; *The Schooner Freeman et al.* v. *Buckingham,* 18 How. 182; *Grant* v. *Norway,* 10 C. B. 665; *Hubbersty* v. *Ward,* 8 Exch. 330; *Coleman* v. *Riches,* 29 Eng. L. & Eq. 323; 18 id. 551; 16 N. Y. 150; *Allen* v. *Williamsburgh S'vgs Bk.,* 69 id. 318–319; *Boone* v. *Citizen's S'vgs Bk.,* 84 id. 38; 25 id. 295–8; 23 id. 455–464; 29 id. 249; 13 id. 631–4.) The acts or declarations of an agent are not evidence of his authority, or of the existence of the agency, and cannot be given in evidence to establish that fact. Evidence *aliunde* must be adduced to establish the authority (13 N. Y. 632; 52 id. 273; 3 Hun, 352; 23 id. 463; 65 Barb. 165; 1 Lans. 1.) If the defendant's pass-book did not represent the real fact or truth, it would be a breach of good faith, and an act of injustice to allow defendant to show that fact, in bar of plaintiff's right to call upon the defendant for the money as represented by its pass-book.

(*Cont'l N. Bk.* v. *N. Bk. of Comm.*, 50 N. Y. 582–5; *Voorhees* v. *Olmsted*, 3 Hun, 754; *West* v. *First Nat. Bk.*, 20 id. 412–14; *Gaylord* v. *VanLoan*, 15 Wend. 308; *Mad. Ave. B. Ch.* v. *Oliver St. B. Ch.*, 73 N. Y. 90; *Bissell* v. *R. R. Co.*, 22 id. 279; *Rice* v. *Dewey*, 54 Barb. 455; 50 N. Y. 582–3; 30 id. 226.) The evidence was not admissible as a part of the *res gestæ*. (*N. River Bk.* v. *Aymar*, 3 Hill, 262; *Higgins* v. *Moore*, 34 N. Y. 417; *Walbridge* v. *Kilpatrick*, 3 Weekly Dig. 577; *Meiggs* v. *Same*, 15 Hun, 453; *Nash* v. *Mitchell*, 71 N. Y. 201; *White* v. *Miller*, id. 136; *Nixon* v. *Palmer*, 4 Seld. 398; *Rossita* v. *Same*, 8 Wend. 497; *Nixon* v. *Hyzeroth*, 5 Johns. 57; *Gibson* v. *Colt*, 7 id. 390; *Batty* v. *Carswell*, 2 id. 48–50; *Fern* v. *Harrison*, 3 Term R. 757; *East India Co.* v. *Hensley*, 1 Esp. 111; *Searles* v. *Curtiss*, 9 Weekly Dig. 195; *Hydorn* v. *Cushman*, 16 Hun, 108; *Bumstead* v. *Hoadley*, 11 id. 488; *Booth* v. *Cleveland R. M. Co.*, id. 280; *Howard* v. *Upton*, 9 id. 436; *Manning* v. *Keenan*, 73 id. 50; *Estevez* v. *Purdy*, 66 id. 443; *Luby* v. *H. R. R. Co.*, 17 id. 133; Story on Agency, § 77, p. 165.)

FINCH, J.    The evidence excluded upon the trial was admissible, if at all, upon the assumption that the husband, who brought the fund for deposit, was either its real owner, or entitled to be dealt with as such by the bank.    In such event he could have dictated the terms of the deposit and the manner of its withdrawal, and the bank accepting the arrangement, and acting upon vouchers made accordingly, could have reasonably expected protection.    But if the husband came as agent, and not as owner, or the attending circumstances were such as to charge the bank with knowledge of his real relation to the fund, an arrangement hostile to the safety of the principal, and beyond the apparent scope of the agency, drew after it the peril attaching to a want of actual authority.

The first deposit was of a check drawn by an administrator, payable to the order of the wife, and indorsed by her so as to give title to the holder.    So far, the possession of the husband was consistent either with an ownership or an agency, and the bank was not bound to infer the latter.    But the husband re-

quested the deposit to be put in the name and to the credit of the wife, and a pass-book to be made for delivery to her, showing her to be the real depositor. This request fairly disclosed the agency. Taken in connection with the check payable to the wife's order, it plainly indicated that the money was hers, intrusted to the agent for the purpose of a deposit to her credit. Had the transaction stopped here, no mistake as to its purport would have been possible, and the bank would have been bound to recognize the wife as owner, and pay only upon her order. But the further condition was imposed upon the deposit that the husband should be at liberty to withdraw it upon checks signed by him in his wife's name. On its face the complete proposition was an inconsistency, suggestive of a possible fraud, and out of the usual and ordinary course of business. It was inconsistent, because the bank was asked at the same moment to treat the wife as owner and depositor, and as neither, and so give to her an apparent credit which was in truth a delusion. It was suggestive of fraud, because while assuring her of the safe disposal of her money, and the honest fulfillment of the agency she had created, it enabled her credit to be stolen away without her knowledge, and disclosed plain traces of duplicity and equivocal purpose. It was out of the usual and ordinary course of business. If the money had been the husband's, and he had merely wished to enable his wife to draw on it at will, he would naturally have deposited it to his own credit and given her his checks, or authorized the bank to accept hers. If, on the other hand, as the bank was fairly warned, the money was hers, and she desired her husband to draw upon it freely, she would have given him her checks, or sent an order to accept his. When the bank was tendered a deposit upon conditions such as we have described, and with such knowledge as the circumstances tended to impart, its duty was to refuse the deposit or require the assent of the wife. Omitting to do so, it took the risk of the actual truth, and paid the unauthorized checks at its peril. Any other rule would permit a bank to be blind when it ought to see, and furnish dangerous facilities for fraud. In the

present case just that happened which might easily have been foreseen. The husband drew his wife's money upon fraudulent vouchers, with such aid from the bank as made it liable for the consequences. The husband's possession of the money did not authorize it to infer authority to sign the wife's name to future checks. It relied upon the husband's honesty without inquiry as to the fact, and must take the risks of its reliance. Its pass-book was something more than a mere receipt. It imported, besides, a promise to pay on demand, and so had in it elements of contract. The bank made the wife its depositor, whom it was bound to protect against vouchers not known to be actually hers. It established a relation which it was required to respect so long as it existed, and from the duties of which it could not escape without her real authority. It trusted the husband beyond the scope of his apparent authority, and must bear the consequent loss. The evidence offered would not have constituted a defense, and was, therefore, properly excluded.

The judgment should be affirmed, with costs.

All concur, except TRACY, J., absent, and DANFORTH, J., who took no part.

Judgment affirmed.