# John's Appeal.

1. Inadequacy of price in a conveyance by a husband to his wife does not tend to impair its validity ; in such case it will be presumed that bounty was intended.

2. By an instrument of writing not under seal, made abroad in the German language, and couched in peculiar phraseology unfamiliar to our law, A., reciting that he had become entitled, under his brother's will, to a share in certain real estate in Philadelphia, transferred to B., his wife, in consideration of 500 thalers ($363) all his rights therein, reserving to himself the privilege of repurchasing the same, for said price, if he should survive her. Upon distribution of the proceeds of a sale in partition of said estate, the Orphans' Court construed the instrument to be a mortgage, and awarded the distributive share in controversy ($3,000) to A., on repayment by him of the $363, to his wife : *Held*, to be error ; that the instrument was not a mortgage, but a contract of sale, with a privilege of repurchasing upon a contingency which had not happened.

January 5th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

APPEAL from the Orphans' Court of *Philadelphia county :* Of January Term 1883, No. 108.

This was an appeal by Johanna Dorothea John, from a decree of the Orphans' Court, in the matter of the partition of the estate of Frederick L. John, deceased, overruling her exceptions to the adjudication upon the account of a trustee appointed to receive the proceeds of a sale in partition.

Frederick L. John died intestate, owning certain real estate in the city of Philadelphia, leaving eight heirs, of whom Carl Gottfried John was one. In proceedings for the partition of

said estate, a sale thereof was had, and a trustee appointed by the court to receive the proceeds and account. The total fund for distribution was $24,478.98, each distributive share being $3,059.88. The controversy in this case arose over the distribution of the share of Carl Gottlieb John. At the audit, before HANNA, P. J., in 1882, said share was claimed, on the one hand, by the said Carl Gottlieb John (subject, as to a small sum, to the claim of one Huflet, an attaching creditor), and, on the other hand, by his wife, Johanna Dorothea John.

The latter claimed by virtue of an instrument executed by her husband and herself, February 1, 1869, in Germany, of which the following is the official translation :—

DEED.

February 1, 1869.   CARL GOTTFRIED JOHN TO JOHANNA DOROTHEA JOHN.

1 thaler, 10 sq. stamp, A. 292.

Carl Gottfried John, a farmer by occupation, and Johanna Dorothea, his wife, widowed Zimmerman, and nee Schmeller, both of Gehofen, have agreed upon the following contract concerning the sale of a certain inheritance : I, the said Carl Gottfried John, having become heir to a certain property by virtue of the last will and testament, dated November 30, 1864, of Frederick L. John, one of my brothers, deceased at Philadelphia in the year aforesaid, together with the rest of my brothers and sisters and the widow of the testator, to whom the said testator has left the dowager due to her according to the laws of the Commonwealth of Pennsylvania, do hereby, in consideration of five hundred thalers, the amount mutually agreed upon, seal and transfer unto my said wife all those rights which have devolved upon me as the heir of my brother Frederick L. John. This inheritance involves particularly my shares in certain lots of ground in the city of Philadelphia belonging to the estate of the deceased, and in the building erected on one of them—No. 320 Race street, which is occupied as a drug store, the latter having been leased for an indefinite term, together with all the rent-moneys and other profits accruing from the same hereafter; furthermore, all funds, furniture, effects, etc., which are still at the present time under the care and charge of the executor of the will, or which have not yet been distributed among the heirs. Whatever I have received from the substance of the estate, or whatever money has been paid to me from the profits of the same, however, is to be excluded from the said sale. In regard to the latter claim, I, Dorothea Johanna, wife of Carl Gottfried John, do hereby waive all claims as to the surrendering of or accounting for profits received by my husband, and likewise, I, the said husband, do hereby waive all claims as to the return of any taxes such as

inheritance, property or other taxes paid on account of my share of the inheritance. All the charges and profits of the estate from the present date do pass over to the said Mrs. John, nee Schmeller. The purchase money of five hundred thalers has been duly paid by the said Mrs. John, which is hereby acknowledged; ownership and risks of the inheritance, as well as of the several objects of inheritance inherited do pass over into the possession of the purchaser, and the same does hereby acknowledge the surrender of the inheritance, and of the several objects inherited, so far as is required by the laws of the State of Pennsylvania, has actually taken place.

The privilege of re-purchasing the said inheritance, hereby sold for the original purchase-sum of five hundred thalers, however, is reserved to the said Carl Gottfried John, in case he should survive his wife. In case the said Carl Gottfried John should make use of the said privilege, then the heirs of the said Mrs. John, his wife, shall not be entitled to claim the purchase-money of five hundred thalers until the whole of the estate, and particularly until the buildings and drug store, has been sold.

In regard to the security in the matter, the existing laws shall govern. The costs of these proceedings to be paid by the contracting parties jointly.

Done at Gehofen, February 1, 1869.

CARL GOTTFRIED JOHN,
JOHANNA DOROTHEA JOHN,
HESSE, Attorney of the latter.

The following proceedings done before the Commissioner of the Circuit Court at Artern, February 10, 1869:

Before this court this day did appear, personally known, and known to be responsible, Mr. Carl Gottfried John, cabinet-maker by trade, now a farmer, and Johanna Dorothea John, nee Schmeller, his wife, the latter being a sister by Mr. Hesse, secretary of the circuit court of this city. The same did submit the contract concerning the sale of a certain inheritance, dated February 1st, declaring their desire to acknowledge its contents by their signature. The contract was slowly, explicitly read to the components, whereupon they agreed to every part of it, and acknowledged their signatures affixed. The contents of the contract were explained to Mrs. John by undersigned judge, and the latter is fully convinced that there has been no hastiness in regard to the conclusion of the contract, and that Mrs. John fully knows the contents of it. Mr. and Mrs. John requested the issuing of these proceedings. Read, agreed to, and signed by      CARL JOHN,
A. U. S. WURZNER.          JOHANNA JOHN,
                                          HESSE, her Attorney.

Hereby issued on behalf of Johanna Dorothea John, née Schmeller, at Gehofen. Sealed and signed at Artern, February 10th 1869.

Commissioner of the Royal Circuit Court.          [SEAL]

                                                  WURZNER.

Translated by J. F. Girard, Interpreter and Translator of Foreign Languages, January 6th 1877.

Proved by subscribing witnesses October 23rd 1876, before J. De F. Junkin, Notary Public for the city of Philadelphia, and recorded February 23rd 1877, in the Recorder of Deeds' Office for the county of Philadelphia, in Deed Book D. H. L. No. 75, p. 169, etc.

Counsel for Carl Gottlieb John contended that the said deed constituted but a mortgage of his interest and share, that he had the right to pay the mortgage debt, and tendered the same, the amount to be taken from his share.

The auditing Judge held as follows:—"There can be no doubt of the intention of the parties, husband and wife. At the date of the execution of said deed it was an absolute transfer to the wife, accompanied by the reservation of the right to repurchase, and this is sufficient to constitute the deed but a mortgage. The clause of defeasance need not be a separate deed; it may even be by parol : Merkel & Smith's Appeal, 10 W. N. C. 116. Nor is it material that the option to repurchase was only to take effect in case the husband survived the wife. It would make no difference, even, if he died in her lifetime. The point is the existence of the defeasance, irrespective of the time of its operation ; and this being the intention of the parties is sufficient to constitute the instrument, which upon its face appears an absolute deed of conveyance, to be simply a security for a debt. This seems so well settled that it is unnecessary to refer to the numerous authorities on this subject. Under this view the judgment of John Huflet is entitled to payment out of the share of said Carl G. John, and after deducting the same and the loan due his wife, the balance of his share will be awarded to him absolutely."

Exceptions to this adjudication filed by Johanna Dorothea John were overruled by the court, in the following opinion, by PENROSE, J. :—

"Notwithstanding the very able argument on behalf of the exceptant, we are not convinced that the auditing judge has erred in treating the instrument of February 1st 1869, as a mortgage, and not as a conditional sale, or contract to convey. The absence of the word heirs in the agreement, forces the exceptant to contend that the contract was simply executory, but if such were its true nature, the gross inadequacy of consideration $363, for property selling at public sale for $3,059,

would probably be sufficient to prevent a decree for specific performance, even if specific performance of a post-nuptial contract for the sale of lands, would in any case be enforced. The inadequacy of consideration in itself is some evidence upon the question, whether the transaction was not intended simply as a security, while the reference in the instrument, in the concluding clause, to the security in the matter, which otherwise seems meaningless, is perhaps conclusive.

"Exceptions dismissed and adjudication confirmed."

Johanna Dorothea John thereupon took this appeal, assigning for error the dismissal of her exceptions and the confirmation of the adjudication.

*Richard P. White* and *George H. Earle, Jr.* (*Richard J. Williams* with them), for the appellant.—The agreement constitutes a conditional sale, and not a mortgage. It is settled law, that conditional sales have an established position in the jurisprudence of Pennsylvania: Brown *v.* Nickle, 6 Barr 390; Spering's Appeal, 10 P. F. S. 199; Casey *v.* R. R. Co., 2 W. N. C. 193; Rhines *v.* Baird, 5 Wright 256; Halo *v.* Schirk, 7 P. F. S. 320; Stoever *v.* Stoever, 9 S. & R. 446. This being so, all the features of this agreement are indicia of a conditional sale, and show it could not be a mortgage. The paper asserts it to be "the sale of a certain inheritance." The transfer is in "consideration of the price paid," the money being a "consideration," and not a loan to be secured: West *v.* Hendrix, 28 Ala. 226. The property is conveyed, "together with all rents accruing hereafter," whereas a mortgagee can make no gain out of the estate, &c.: 9 Missouri 549. The price is called "purchase money" and is "paid," not loaned: Robinson *v.* Cropsey, 2 Ed. Ch. 143. The loss would fall upon the purchaser in case of loss by fire, which is never so in a mortgage: Floyer *v.* Lavington, 1 P. Wms. 268; Goodman *v.* Grierson, 2 B. & Beat. 277. There was no debt, and no provision by which repayment of the loan could be enforced: Williams *v.* Owen, 5 My. & Cr. 303; Alderson *v.* White, 2 De G. & Jones, 97; Chapman *v.* Turner, 1 Call 244; Conway *v.* Alexander, 7 Cranch 218; Bethlehem *v.* Annis, 40 N. H. 34. There is no mutuality as to the repurchase: Flagg *v.* Mann, 14 Pick. 467. There is but a mere "privilege" but no "obligation" to repurchase: Robinson *v.* Cropsey, 2 Edw. Ch. 143; Glover *v.* Payn, 19 Wend. 518; Davis *v.* Thomas, 1 Russ. & M. 508.

Even if the instrument were a mortgage, and not a conditional sale, still the limitation on the right of redemption is valid. All the decisions unite in saying that the sole reason that a conditional sale can be, contrary to its provisions, moulded by a court of equity into a mortgage, is that the creditor has such

advantage in dealing with a person under the necessity of raising money, that it will not permit him to acquire an absolute estate, although so agreed, where the conveyance is merely a security ; acting upon just the same principle as when they construe a sum in a bond a penalty, and only permit a recovery of actual damages. This being so, where the reason ceases, the rule has never been applied. For example, where, as in this case, the deed is to the wife, there the danger does not exist of unconscionable bargains, and the transaction is permitted to stand on its own terms : 3 Leading Cases in Equity (3 Ed.) 608 ; King *v.* Bromley, 2 Eq. Ca. Ab. 595 ; Walston *v.* Aston, Hard. 511 ; Bonham *v.* Newcomb, 1 Vern. 7, 214, 232. Such conveyances are encouraged by law, and if the consideration be inadequate courts presume bounty was intended : Jones *v.* Marsh, Cas. Temp. Talbot 64 ; Duffy *v.* Ins. Co., 8 W. & S. 435 ; Middlecome *v.* Marlow, 2 Atk. 520.

It is submitted that, as was said in the similar case of Moss *v.* Green, 10 Leigh, 262 : "To give the relief sought by the appellee would be to give the active assistance of a court of equity to a party seeking to absolve himself from a fair contract ;" or as Chief Justice MARSHALL says in Conway *v.* Alexander (supra), " to transfer to the Court of Chancery in a considerable degree the guardianship of adults as well as infants.'"

*Thomas A. Gummey*, for the appellees.—The so-called deed is not under seal, nor separately acknowledged by the wife, nor does it convey to the grantee and her " heirs" or her "assigns." The consideration was 500 thalers—about $363, and the distributive share of the grantor has realized over $3,000. It contains a defeasance, from which the intent of the parties is clear that it was to be a security, and not an absolute or conditional sale. Under all the authorities the paper cannot operate to pass an estate in fee simple : 2 Bl. Comm. 83, 260 ; Harper's Appeal, 14 P. F. S. 315. ; Umbenhower *v.* Miller, 5 Out. 71. In view of all the defects of the instrument, the most that can be said of it is that it will operate as a pledge or security for the payment of the money intended to be secured by it, and upon repayment thereof the title revests in the grantor.

Mr. Justice STERRETT delivered the opinion of the court, March 26th 1883.

The controlling question in this case is whether the agreement of February 1st 1869, between appellant and her husband Carl Gottfried John, one of the appellees, is a mortgage, or, as it purports to be, a contract of sale by him to her of the property therein described, reserving to himself

the privilege of repurchasing the same in case he survives her.

There is no evidence dehors the instrument itself, and hence the intention of the parties must be determined by it alone. The agreement is sui generis, evidently written by some one unacquainted with our forms of conveyancing; but the language employed is such as to leave no room to doubt that it was designed to transfer to the wife all the right, title, interest and claim of the husband in and to the estate of his deceased brother. It is asserted in the first sentence that the parties " have agreed upon the following contract concerning the sale of a certain inheritance." Then, in connection with a full description of the so-called " inheritance," the husband declares he doth " hereby in consideration of the sum of five hundred thalers, the amount mutually agreed upon, cede and transfer " the same to his wife. Following this is a clause which provides that whatever he has " received from the substance of the estate, &c., is to be excluded from said sale," and that " all the charges and profits of the estate from the present time do pass over to the said Mrs. John." The concluding portion of· the agreement contains the following clause : " The purchase-money of five hundred thalers has been duly paid by the said Mrs. John, which is hereby acknowledged. Ownership and risks of inheritance, as well as of the several objects of inherit-ance, do pass over into the possession of the purchaser, and the same does hereby acknowledge that the surrender of the inheritance and of the several objects inherited, as far as is required by the laws of the state of Pennsylvania, has actually taken place." These and other expressions are clearly indica-tive of a bona fide sale. The only expression in the agreement, that in the slightest degree favors the idea that it may have been intended as security for a loan, occurs in the clause reserv-ing to the husband " the privilege of repurchasing the said inheritance hereby sold, . . . in case he should survive his wife." The reservation thus made is upon a contingency that may never happen, and the intention evidently was that if he pre-deceased his wife, the property should then be absolutely and unconditionally hers; but, if she died first, he should have the right, as against her heirs, of repurchasing the property for the same consideration she gave for it. This is still more clearly shown by the provision which immediately follows the reservation : " In case the said Carl Gottfried John shall make use of the privilege, then the heirs of said Mrs. John, his wife, shall not be entitled to claim the purchase-money of five hundred thalers until the whole estate, and particularly the buildings and drug-store, have been sold." It is very evident that in any contingency, as against him, she acquired a life

estate in the property. This appears to be the plain and obvious meaning of the agreement ; and there is nothing in the language employed, or in the relation of the parties, that will justify any other construction. Bearing in mind that this is a conveyance by husband to wife, executed at a time when the former had no creditors to question the bona fides of the transaction, we are not at liberty to take as our guide, in its interpretation, the construction which courts are always disposed to. put upon conditional contracts or conveyances, especially where there is the slightest evidence that security was the object intended. Conveyances between husband and wife are not subject to the ordinary policy of the law which prevents the enforcement of agreements in restraint of the right of redemption reserved by debtors against ordinary creditors to whom conveyances have been made simply as security ; and hence there is no reason why the contract in question should be construed favorably to the husband. On the contrary, it should be construed most strongly against him. Such conveyances are so far encouraged that gross inadequacy of price does not tend to impair their validity. In the absence of adequate consideration it will be presumed, as between husband and wife, that some bounty was intended.

We think therefore that the learned judges of the Orphans' Court erred in holding that the agreement, under which appellant claimed to participate in the distribution, was a mortgage and not a conveyance or agreement to convey the husband's interest in his brother's estate.

> Decree reversed at the costs of the appellee, and record remitted with instructions to distribute the fund in accordance with this opinion.