### CONTINENTAL NAT. BANK v. NEVILLE.

(Circuit Court of Appeals, Ninth Circuit. January 8, 1923. Rehearing Denied February 19, 1923.)

No. 3914.

1. **Appeal and error** ⟷237(5)—Appellate court cannot determine sufficiency of evidence, in absence of motion for instructed verdict.

Where no motion for instructed verdict was made by the defeated party, the appellate court cannot inquire into the sufficiency of the evidence to sustain the verdict.

2. **Banks and banking** ⟷121—Duty of bank to credit money deposited as directed by deposit slip.

Where a bank received for deposit a check indorsed by the payee, together with a deposit slip directing that the money be credited to the account of the payee, in the absence of other circumstances to control disposition of the fund, it had no right to credit the deposit to the joint account of the payee and another.

---

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Trial ⚖⇒243—Instructions held not conflicting.**

In action to recover deposit in bank, which had been paid to another than plaintiff, instructions construed and *held* not conflicting.

In Error to the District Court of the United States for the Southern Division of the Southern District of California: Oscar A. Trippet, Judge.

Action at law by Mary Neville against the Continental National Bank and another. Judgment for plaintiff, and defendant bank brings error. Affirmed.

The defendant in error brought an action against the plaintiff in error and one Fred Birdsall to recover money deposited in the bank and drawn out by Birdsall. The complaint alleged that the defendant in error was a minor at the time of the transactions mentioned therein; that she had entered into a bigamous marriage with Birdsall, who then had a wife living; that Birdsall, who was an intimate friend and associate of the officers of the bank, caused them to enter upon their books the defendant in error's account of moneys deposited, so as to make it appear that it was the joint account of her and said Birdsall, so that Birdsall could withdraw the money and convert it to his own use: that the officers of the bank so negligently and carelessly conducted the business of the bank that at Birdsall's request they changed their books and the said deposit account by adding the name of Birdsall thereto without the knowledge or consent of the defendant in error and without authority so to do, and they negligently and carelessly paid out the funds of said account upon Birdsall's checks without her knowledge or consent or authority.

The first item of the account was a check for $500 sent to the defendant in error by her mother, and deposited September 21, 1920. The defendant in error testified that she indorsed the check and gave it to Birdsall to deposit for her; that Birdsall took the check and brought her back a passbook, which contained a $500 entry in her name only, and a signature card, which she did not sign, and which was lost. There was testimony that a few days later Birdsall took the defendant in error to the bank and introduced her to Nichols, the president. and that Nichols gave her another signature card, which she signed. The card contained the printed designation of the deposit as "individual." On October 2, 1920, the defendant in error received a check for $2,500, the proceeds of the sale of an automobile which her mother had given her. She went with Birdsall to the bank to make the deposit. He made out the deposit slip in her name only. She testified that a duplicate deposit slip was given, for the reason that Birdsall did not have the bank book with him at the time. On October 4, 1920, the defendant in error received another $500 check from her mother, which she indorsed "for deposit only" and gave to Birdsall to deposit to her account.

On behalf of the plaintiff in error there was testimony that, when the first deposit was made, Birdsall directed that it be entered as upon a joint account with him and his wife. A passbook was produced in evidence, and the president of the bank testified that he made the entries therein, showing the names of Birdsall and the defendant in error as joint depositors, and that no other passbook was issued to his knowledge. The defendant in error drew out of the moneys so deposited $113.60. Birdsall drew out the remainder, and appropriated it to his own use. This became known to the defendant in error on or about October 14, 1920. The jury returned a verdict for her for $3,386.40, for which judgment was entered.

Haas & Dunnigan, of Los Angeles, Cal., for plaintiff in error.

George B. Ross and Newby & Palmer, all of Los Angeles, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GILBERT, Circuit Judge (after stating the facts as above). [1] The plaintiff in error argues at length that the evidence is insufficient to sustain a verdict for any amount in favor of the defendant in error. It is not asserted that there was no evidence which, if credited by the jury, would support the verdict. No request was made in the court below that the jury be instructed to return a verdict for the plaintiff in error. It follows that this court cannot inquire into the question of the weight of the evidence. American Trading Co. v. North Alaska Salmon Co., 248 Fed. 665, 160 C. C. A. 565.

[2, 3] The court below instructed the jury that in receiving the deposits the bank had the right to assume that any check presented for deposit was owned by the party presenting it, provided that it was duly indorsed without limitation of indorsement by the payee thereof, and the bank had no information which would put it upon notice to the contrary. Again the court instructed the jury that the deposit slip might be controlled by other evidence, and that it was not conclusive as a direction to the bank as to whom the deposit should be credited, that oral directions or other instructions might show that the deposit was intended to be in the name of some other party than that on the deposit slip. The final instruction was the following:

"If Fred Birdsall presented a check to the bank which was payable to Mary Neville Birdsall and duly indorsed by her, and at the same time that said check was presented for deposit a deposit slip to the effect that said money should be deposited to Mary Neville Birdsall, then the bank had no right to credit such deposit to the joint accounts of Fred Birdsall and Mary Neville Birdsall, but should have credited it solely to Mary Neville Birdsall."

To the instruction last given exception was taken on the ground, first, that it was incorrect in matter of law; and, second, that it was contradictory of other instructions. We think the exception was not well taken. It was clearly correct to charge the jury as a proposition of law that if Birdsall, on presenting an indorsed check to the bank, presented with it a deposit slip to the effect that the money was deposited in the name of the payee of the check, the bank, in the absence of other circumstances to control the disposition of the fund, had no right to credit the money otherwise than as directed by the deposit slip. Birdsall at no time claimed to own the checks, nor did he indorse them or make other direction as to their deposit than that which was evidenced by the deposit slips. Bates v. First Nat. Bk. of Brockport, 89 N. Y. 286; Armstrong v. Johnson, 93 Mo. App. 492, 67 S. W. 733; Honig v. Pacific Bank, 73 Cal. 464, 15 Pac. 58; Brown v. Daugherty (C. C.) 120 Fed. 526. Nor was the instruction inconsistent with the other instructions to the jury. On the contrary, it was an instruction, as the jury must have understood, to be taken in conjunction with the other instructions, instructions in which all of the defenses of the plaintiff in error were dealt with and its rights safeguarded. While by the prior instructions the jury were told that they might find for the bank, if they believed that the checks were indorsed by the defendant in error and delivered into Birdsall's possession, and by him presented to the bank with instructions to enter

the same in a joint and several account in the name of himself and his wife, by the last instruction an additional element was imported into the problem for the jury's consideration, and that was the simultaneous deposit with the check, of an individual deposit slip indicating that the deposit was made to the account of the payee of the check. The court instructed the jury fully as to all aspects of the case. We must assume from the verdict that the jury believed the testimony of the defendant in error and believed that the first passbook that was issued was issued in her name alone, and that subsequently the account was changed in the bank, so as to appear to be the joint account of herself and of Birdsall, and that she never authorized Birdsall to draw against the account.

We find no error. The judgment is affirmed.