Milano et ux. *v.* Fayette Title & Trust Company, Appellant.

Argued April 15, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*R. W. Playford,* of *Playford and Phillips,* for appellant, cited: Beihl v. Martin, 236 Pa. 519; Gasner v. Pierce, 286 Pa. 529.

*Chad L. John,* for appellee, cited: Brady on Bank Checks, pages 11, 13 and 325; Daniel on Negotiable Instruments, Vol. 2, 1612; Beihl v. Martin, 236 Pa. 519; Blick v. Cockins, 252 Pa. 56; O'Malley v. O'Malley, 272 Pa. 528.

OPINION BY KELLER, J., July 2, 1929:

Joe Milano and his wife, Carmela LoGiudice went together to the Fayette Title & Trust Company on June 11, 1920, and deposited $1,000 to their joint account. The account was opened on the books of the bank in the name of 'Joe Milano and wife, Carmela LoGiudice,' and a pass book was issued to them entitled the same way. Additional deposits aggregating $800 were made during 1920, bringing the amount to their credit up to $1,800. On August 30, 1926, Joe Milano inquired at the bank how much the balance then was and was told that there was none. Thereupon, after consulting an attorney, a check for $1,800 was drawn on the Fayette Title & Trust Company and signed 'Joe Milano and wife, Carmela LoGiudice' and presented for payment, which was refused, and this action was brought.

The refusal of the defendant to honor the check was based on the fact that the entire balance of $1,800 had been drawn out of bank on July 31, 1926, on a check signed by Joe Milano alone. Mr. Oglevee, the bank teller, testified that on the evening of that date a man, whom he had never seen before and did not know, had called at his window and stated that he was Joe Milano, that he had $1,800 on deposit and wanted to draw it out. He had no pass book with him. Mr. Oglevee verified the amount of the balance by the

telautograph and then prepared a counter check payable to 'bearer—cash,' which the man signed 'Joe Milano,' and after comparing the signature with that on the signature card in the bank and deciding that it was genuine, Oglevee paid the man $1,800 in money. He was unable to say that the man to whom he paid the money was the plaintiff, Joe Milano, in court. The latter denied that he had signed the check or got the money. Six local bankers testified that in their opinion the signature to the check was in Joe Milano's handwriting. On this meager showing the jury found for the defendant, so we must assume for the purpose of this case that Joe Milano did call at the bank and get the money on his individual check. The sole question raised by this appeal is, was that a good payment, a good defense to the present joint demand of the husband and wife? The case is barren of any evidence that the wife received any of the proceeds of that payment; she herself strenuously denied it.

The learned counsel for the appellant admits that the $1,800 on deposit at the Fayette Title & Trust Company was an estate by entireties in Joe Milano and his wife, Carmela LoGiudice; that if he had died while the money remained on deposit she would have been entitled to the whole; that the deposit could not have been attached or taken in execution by a creditor of either of them; that neither he nor she could have assigned or sold any or all of it; but he contends, notwithstanding all this, that the defendant was justified in paying out the entire sum on a check bearing the signature of only one of them.

We agree with the majority opinion of the court below that such a ruling would be destructive of the qualities of this estate by entireties and repugnant to the contract between the bank and the joint depositors of the fund. The money on deposit did not belong to the husband, or half to him and half to his wife, or

in part to either, but to both of them undividedly. The deposit was made in their joint names, and not to them or either of them. In the absence of an express agreement that the money could be paid to either or only one of them—which was wholly lacking here—the implied agreement would apply that the money could not be withdrawn except upon checks or orders signed by both of them, and the bank could pay differently only at its peril. To hold otherwise would put it in the power of either to destroy the estate by entireties by withdrawing the fund and applying it to his or her own use, without the joinder or acquiescence of the other spouse; which is directly opposed to the nature and character of a true estate by entireties, like this one. The right of survivorship of a true tenancy by entireties, which is one of its chief incidents, cannot be destroyed but by the joint act of the two: Brewer v. Bowersox, 92 Md. 567, 48 Atl. 1060, 1062. Neither husband nor wife can sever a true tenancy by the entirety: Palmer v. Mansfield, 222 Mass. 263, 110 N. E. 283, 284; Marble v. Jackson, 245 Mass. 504, 139 N. E. 442, 444. We are satisfied that our ruling is in accord with the decisions of our Supreme Court relating to estates by entireties, among which may be mentioned: Bramberry's Est., 156 Pa. 628, 632; Beihl v. Martin, 236 Pa. 519; Rhodes' Est., 277 Pa. 450; Klenke's Est. (No. 1), 210 Pa. 572, 573; Parry's Est., 188 Pa. 33. The deposit in this case was not payable to husband *or* wife, as in Blick v. Cockins, 252 Pa. 56 and Sloan's Est., 254 Pa. 346, but to husband *and* wife, and the bank was bound to pay only in accordance with the terms of the deposit: First Nat. Bank v. Mason, 95 Pa. 113, 117; Bates v. First Nat. Bank, 89 N. Y. 286, 292, 15 R. C. L. 844.

The cases relied on by the appellant, O'Malley v. O'Malley, 272 Pa. 528 and Gasner v. Pierce, 286 Pa. 529, were wholly different on their facts. They related

to the payment of rent accruing from real estate held by entireties,—the disposition of *income* from the estate,—payable under a contract differing greatly from that between a bank and its depositor—and furnish no ground for upholding the right of either spouse to destroy the estate itself by withdrawing the corpus, if personalty, any more than either could appropriate to himself or herself the estate, if realty.

The defendant may have its remedy against the person to whom it improperly paid the deposit; but whether it has or not, it cannot shift to Mrs. Milano the consequences of its negligent disregard of the terms of the deposit. It cannot make her responsible for its own dereliction.

The judgment is affirmed.