## Ziegler v. Ziegler

*Stevens & Lee, Charles H. Weidner* and *Ralph C. Body,* for plaintiff.
*Ira G. Kutz* and *Sherman H. Hoverter,* for defendant.

SCHAEFFER, P. J., August 10, 1931.—In the opinion filed, the chancellor recommends a dismissal of the plaintiff's bill. The plaintiff has filed a number of exceptions to the chancellor's findings of fact and conclusions of law. These

have been argued and considered. It seems clear that the chancellor in his original opinion failed to consider adequately the claim of the plaintiff arising out of her ownership with the defendant of the farm in Robeson Township, which they held as tenants by the entireties. We have now given careful study to this phase of the case and desire the present opinion to be considered as supplemental to the original opinion, to the end that both parties may file exceptions to the present findings and conclusions which shall, in turn, be argued before the court en banc.

In the bill, it is averred that in 1922 plaintiff and defendant acquired title as tenants by entireties to certain land in Robeson Township, this county; that in 1924, they conveyed said farm for the consideration of $6500 to Oliver Kochel and Anna Kochel, who gave purchase-money mortgages in the sums of $2500 and $1725; that the plaintiff received no consideration for the surrender or release of her interest in said mortgages or the debts secured by said mortgages; that she has never received any portion of the principal or interest of said mortgage; and that $2275, received from the sale of said farm, went toward the purchase of property No. 1327 Perry Street, Reading, Pa., in the name of defendant alone. The bill contains a prayer that the court decree plaintiff and defendant to be tenants by entireties of said Kochel mortgages for $2500 and $1725 and of $2275 invested in the Perry Street property.

There is no doubt that on April 22, 1922, plaintiff and defendant acquired title, as tenants by entireties, to this farm. Nothing has been shown to invalidate the chancellor's finding that plaintiff neither contributed nor paid any part of the purchase price; but the legal consequence of placing the title in the names of both husband and wife is that a presumption of a gift to her arises; and not a presumption that she held title in trust for her husband: Gassner v. Gassner, 280 Pa. 313. The burden of overcoming the presumption of a gift is a heavy one: Earnest's Appeal, 106 Pa. 310. This burden defendant has not met. In his answer, he contents himself with a mere denial of the allegation that they jointly acquired that title; on the witness-stand he offered no explanation that could be held in any way to overcome the presumption of a gift.

It is also clear that on December 11, 1924, the plaintiff and the defendant sold the farm for a consideration stated as $6500. This consideration was paid or secured by the delivery by Oliver Kochel and Anna Kochel, the purchasers, of two mortgages for $2500 and $1725, respectively, and by the conveyance of a house on Church Street, in the City of Reading. The mortgages were dated December 11, 1924, and were payable to the plaintiff and defendant as mortgagees. The conveyance of the Church Street property was to the defendant alone. After the mortgages had been entered for record in the office of the recorder of deeds, the plaintiff, on December 13, 1924, in the company of the defendant, went to the office of an attorney and signed and sealed a paper addressed to the attorney certifying "that [the execution of] both bonds and mortgages . . . [here in question] . . . to Reuben Ziegler and Irene Ziegler . . . was an error in so far that my name Irene Ziegler was added thereto as mortgagee, it having been intended that same were to be executed and delivered to Reuben Ziegler as mortgagee only, and you are hereby authorized to remove my name, Irene Ziegler, from said bonds and mortgages, to the effect that as though it had never been mentioned therein." After this paper had been executed and delivered to him, the attorney caused plaintiff's name as mortgagee to be erased from both bonds and mortgages.

We are not here concerned with the effect of these acts upon the validity of these bonds and mortgages. Our problem is to interpret the effect of these

acts upon the plaintiff's claim against the defendant. The deed to the farm, as we have seen, vested title in her and her husband as tenants by the entireties. The deed to them jointly did not constitute them either joint tenants or tenants in common because they are one person in law, and, according to the old doctrine, cannot take by moieties, but are both seized of the entirety, per tout et non per my: Dexter *v.* Billings, 110 Pa. 135, 142. But it has been held that it may be made clear in a deed that the grantees, even though husband and wife, are to take estates in severalty: Rhodes's Estate, 232 Pa. 489, 493. When an estate by entireties exists, it is not within the power of either to destroy the estate without the joinder or acquiescence of the other spouse, for such power is directly opposed to the nature and character of such estate: Beihl *v.* Martin, 236 Pa. 519; Milano *v.* Fayette Title and Trust Co., 96 Pa. Superior Ct. 310. In an estate by entireties, the amount or quality of the interest is not dependent upon the value either contributed towards the purchase of the title; each is entitled to the whole. These parties were tenants by the entireties of the farm; they were, upon their execution and delivery, tenants by entireties of the mortgages. The paper signed two days later by the wife authorizing the removal of her name as mortgagee from the mortgages was not joined in by the husband and was ineffectual to change the ownership of the mortgages from tenancy by entireties to that of defendant's sole individual property. Neither by the single act of the wife nor the single act of the husband could that estate be destroyed. And we have no other evidence that there was any other act of the parties which has since affected that title. We must conclude that, so far as they remain unpaid, the two mortgages given by the Kochels to the plaintiff and the defendant are still the property of both as tenants by the entireties.

The stated consideration for the sale of the farm was $6500. Of this, $4225 was secured by the mortgages; the balance, or $2275, was paid by the conveyance of the Church Street property. This conveyance was to defendant alone. There is no evidence that this was done in pursuance of any agreement between plaintiff and defendant. Prima facie, ownership of the consideration received from the sale of property will vest in the persons who owned the property sold. In order to support the conclusion that plaintiff relinquished all right to her full share of the consideration received for the sale of her estate in the farm, it must be affirmatively shown that she made a gift to her husband of her interest: Dexter *v.* Billings, supra. As to a wife's separate estate, the rule is that a husband who receives any portion of the principal thereof becomes, in the absence of an agreement controlling his reception of it, her debtor to the amount so received: Hawley *v.* Griffith, 187 Pa. 306, 309. We can see no reason why the same principle should not govern when a husband reduces to his individual ownership the consideration received from a sale of both his and his wife's estates as tenants by entireties. In an able and exhaustive opinion considering a phase of the same question, Judge Reno, after stating that, so far as he could find, the question had never been decided in Pennsylvania, said, in Hottenstein's Estate, 6 D. & C. 464, 467: "A careful consideration of the O'Malley case [272 Pa. 528] and the principle upon which it rests, as well as the adjudications in other states, convinces us that the principle of equality of division requires that we hold that when a security held by tenants in common is paid in whole or in part, in the absence of an express agreement, the law implies an agreement that the proceeds thereof be divided between the husband and wife in equal portions." In our case, there is no evidence from which an agreement between the parties as to the ownership of the consideration arising from the sale of the farm in

excess of the mortgages can be found. In Zwolski *v.* Zwolski, 75 Pitts. L. J. 534, where real estate held by the entireties had been sold and all the consid- eration money received by the husband, it was held, in an opinion by Judge Drew, that the proceeds of the sale of the property were received by the defendant as a trust fund for the use of plaintiff and defendant, and that the appropriation of a large part of said trust fund to his own personal use con- stituted in law an election on his part to divide the fund, and, therefore, the court ordered the fund to be equally divided between the parties. This achieves the same result as was reached by Judge Reno.

We hold, therefore, that the plaintiff is entitled to receive presently from the defendant one-half of the sum of $2275 and one-half of whatever sums, if any, have been received by the defendant on account of the principal of either or both mortgages, with interest from July 3, 1928, the day of separation of defendant from plaintiff. For during the time they lived together, plaintiff is not, in the absence of an express agreement, entitled to interest on the sums in her husband's hands, for the reason that he is presumed to use such income for the maintenance of the family: Hawley *v.* Griffith, supra. As to such por- tions of the principals of the mortgages as remain unpaid, the defendant must be decreed to hold said sums and the income thereof as a trust fund for the joint use of himself and the plaintiff. . . .

And now, to wit, August 10, 1931, the prothonotary is directed to enter a decree nisi in accordance with the foregoing decision and forthwith to give notice of the same to the parties or their counsel of record, and if no excep- tions are filed within ten days thereafter, either party may present to the court a form of final decree then to be entered.

### Supplemental opinion

SCHAEFFER, P. J., December 7, 1931.—To the chancellor's opinion and sup- plemental opinion, both containing findings of fact and conclusions of law, each of the parties have filed exceptions.

The parties, husband and wife, had been the owners as tenants by entireties of a farm which, in 1924, they sold, taking in settlement a house valued at $2275, conveyed to defendant alone, and two mortgages in the sums of $2500 and $1725, payable to both plaintiff and defendant. The mortgages were entered for record in the recorder's office. Two days later the parties went to the office of an attorney and there plaintiff signed a writing addressed to the attorney certifying that the execution of both bonds and mortgages to the two was an error, "in so far that my name, Irene Ziegler, was added thereto as mortgagee, it having been intended that same were to be executed and delivered to Reuben Ziegler as mortgagee only, and you are hereby authorized to remove my name, Irene Ziegler, from said bonds and mortgages, to the effect that as though it had never been mentioned thereon." Thereupon the lawyer caused plaintiff's name to be erased from both bonds and mortgages. We concluded that these facts were insufficient in law to divest plaintiff of her interest as tenant by entireties in the debt secured by said bonds and mortgages. It is to this conclusion that defendant has addressed his exception.

Nothing has been urged which in any way alters the fact as set forth in our tenth finding that plaintiff and defendant sold the farm for $6500, which sum was paid or secured by the execution of the two mortgages to both plain- tiff and defendant, husband and wife, and by the conveyance to defendant alone of the Church Street house. There is no room under the testimony for any dispute as to the fact that the bonds and mortgages as drawn, executed and delivered were in favor of both plaintiff and defendant. Accordingly, defendant's first exception is dismissed.

It follows that, as plaintiff and defendant were husband and wife, an estate by tenants by entireties was created in each in both bonds and mortgages, or in the principal sums secured by those instruments. The second exception must, therefore, be dismissed.

The third exception challenges our conclusion arising from the erasure of the plaintiff's name from the documents, two days after delivery, in pursuance of the direction in writing given by plaintiff to the attorney. Clearly an estate by entireties, when once in being, cannot at common law be destroyed save by the death of one of the spouses or by the voluntary alienation of both: "While the estate continues, it is utterly impossible for either party, without the other joining, to sell or assign his or her interest therein, even the expectancy of survivorship:" Beihl v. Martin, 236 Pa. 519, 527. It is not necessary here for us to decide what knowledge or acquiescence on the part of the one can be held to be a joining in a conveyance by the other; for we cannot regard what was done here as a conveyance by the plaintiff of her interest in the mortgages. In the writing addressed to the attorney, she says that the inclusion of her name in the bonds and mortgages as mortgagee was an error or mistake; but that did not alter the fact that the bonds and mortgages were drawn to her and her husband. Nor did the erasure of her name from those instruments change the character of the estate that vested when the documents were delivered. The fact that the husband was present in the lawyer's office and joined his wife in requesting that her name be removed from the instruments no doubt constituted acquiescence on his part in the erasure of her name. But there is not one word in the signed paper or in the testimony that plaintiff and defendant agreed or understood that defendant was to become the sole owner of the mortgages; if that was the intention of the parties, their lawyer would have employed the usual legal method of assignment to accomplish their purpose. The delivery and acceptance of the bonds and mortgages created estates by entireties; the erasure of the name of one of the obligees, under the circumstances here shown, cannot be held to have been effectual in severing those joint estates. There was no statement that plaintiff relinquished her beneficial interest in the principal secured by the mortgages; there was no consideration; there were neither words of gift nor of conveyance. In a controversy between husband and wife, a paper such as we have here should be construed most strongly against the husband: John's Appeal, 102 Pa. 59, 66. The surrender of the wife's interest should be proved, not merely conjectured.

Accordingly, the defendant's exceptions are dismissed.

Plaintiff's exceptions to the first opinion of the chancellor go mostly to the findings of fact made by the chancellor and to the failure to make other findings. These have been carefully considered and cannot be sustained. The exceptions filed by plaintiff to the supplemental opinion touch upon the sole question as to the right of the plaintiff to interest upon her share of the mortgages before the separation of plaintiff and defendant. But the rule stated in Hawley v. Griffith, 187 Pa. 306, 309, must control: "When the wife permits her husband to use her money without any stipulation as to terms, and continues to live with him, the presumption is that the interest was used to support the family, and she is entitled to a return of principal only, and not interest also." This presumption plaintiff has not overcome.

And now, to wit, December 7, 1931, all exceptions are dismissed and counsel are directed to prepare a decree in accordance with this opinion.

From Charles K. Derr, Reading, Pa.