Judge Hyland
delivered the opinion of the court.
The only point in this case for our adjudication, is the effect of a conveyance of land in fee to a man and his Avife during the coverture. The court below held that such a conveyance vested the entirety in each ; that on the death of the husband, the wife surviving, was seized of the whole. In other words, that the husband and wife, grantees in a deed in fee,, being in law one person, take the estate, not as tenants in common; not as joint tenants ; but as tenants in entireties, each having the whole, and each unable, during the life of the other, to effect the estate to the prejudice of the other’s right, and that the estate of the surviA^or is not a suiwivorship, is not a cumulation to the former estate of the survivor, but merely a continuation of the original estate vested in the quasi-corporate existence of the man and wife.
The defendant in error contends for the truth and correctness of the following positions, viz:
First. That at common law, a conveyance to husband and wife in fee, vests the estate in them as one person, the whole of which remains in the survivor of them.
Secondly. That the statutes of this State have not altered or modified the common law in this respect.
I agree with the defendant in error on both propositions'—that such was the common law at the time of its adoption in this State, (then territory) and that our statutes have not altered or modified it in this particular. In the case of “ Doe on demise of Lucy Freestone, against Edward Parrott and Mary his wife,” 5 T. R. 655, Lord Kenyon says : “ For though a devise to A and B, who are strangers to, and have no connection with each other, creates a joint tenancy, the conveyance by one of whom severs the joint tenancy, and passes a moietj’- ; yet it has been settled for ages, that when the devise is to the husband and wife, they take by entireties, and not by moieties, and the husband alone cannot by his own conveyance, without joining his wife, divest the estate of the wife.”
Husband and wife are the only persons who can be tenants by entireties. This tenancy must be created or take effect during coverture ; and owes its qualities to the unity of the persons of husband and wife. There is no doubt of this principle existing at common law.
I will now see whether our statutes have altered or modified the common laAV in this particular.
The common laAV was adopted by our statute as early as June 1816, for *387 the Territory of Missouri. Geyer’s Digest 124. And the same statute adopting the common law, also declared that the doctrine of survivor-ship, in cases of joint tenants, shall never be allowed in this territory.
The convention that formed our State constitution, declared that all laws then in foree in the Territory of Missouri, which are not repugnant to the constitution then formed, shall remain in force until they expire by their own limitation, or be altered or repealed. This took place in July, 1820. In February, 1825, the legislature, by a statute regulating conveyances, declared, “that no estate in joint tenancy in any lands, tenements or hereditaments, shall be held or claimed under any grant, devise, or conveyance whatsoever, heretofore or hereafter made, other than to executors or trustees, unless the premises therein mentioned shall expressly be thereby declared to pass, not in tenancy in common, but in joint tenancy ; and every such estate, other than to executors and trustees, (unless otherwise expressly declared as aforesaid) shall be deemed to be in tenancy in common. Sec laws of Missouri, degested and revised in 1825, title “conveyances” sec. 3 p. 216.
In 1835 the legislature enacted, that “ every interest in real estate, granted or devised to two or more persons, (other than to executors and trustees as such) shall be a tenancy in common, unless expressly declared in such grant or devise, to be in joint tenancy.”
In 1845, a similar-provision was incorporated into the statute concerning conveyances, and is now in force. It will be easily perceived that all of these statutes have referred to joint tenancy. It was the object to abolish that species of tenure, and no doubt exists with me, that in order to’constitute a joint tenancy under our laws, specific and express terms must be used, declaring that such estate shall be held in joint tenancy, and not in tenancy in common.
Does the deed to husband and to his wife in this case make them joint tenants? In the case of Jackson ex. dem. Stevens against T. Stevens, 16 J. Rop. 115, justice Spencer says : “ It appears to be well' settled, that if an estate be given to a man and his wife, they take, neither as joint-tenants, nor as tenants in common, for being considered as one person in law, they cannot take by moieties, b.ut both are seized of the entirety; the consequence of which is, thatneither of them can dispose of any part without the assent of the- other* but the whole goes to the survivor ; the statutory provision, that no estate in. joint tenancy in lands, shall be held or claimed under any grant, devise or conveyance* unless the premises therein mentioned shall expressly be declared to pass not in tenancy in common, but in joint tenancy, does not extend- to thi-a *388 case, for the estate of the husband and wife is not a joint tenancy. In 1st Cowen’s Rep. 95, this doctrine is again repeated. In 8 Cowen Rep. 283, the court, by Savage, chief justice, declared that“ husband and wife holding lands by a conveyance to them, are not joint tenants. They are seized per tout, but not per mi. They are each owner of the whole, but not of the half. They must both join in a conveyance. They are both necessary to make one grantor. In 5 Mass. Rep. 523, chief justice Parsons, speaking of the statute of 1785, chap. 62, which declares that all conveyances and devises which have been or shall be made to two or more persons, shall be adjudged to be tenancies in common, unless it manifestly appears to have been the intent of the parties to the instrument, that joint tenancies were intended.” Joint tenancies where the tenants are not man and wife, may be severed, and the right of survivorship be defeated at the will of either tenant, either by partition or by alienation of his property, which shall be holden by the purchaser as tenant in common. For two joint tenants generally hold by moieties, and not by entireties. As therefore a joint tenancy of this nature may be destroyed at the pleasure of either tenant, the statute very reasonably presumes that such tenancy was not intended in the conveyance, and has enacted, that unless a joint tenancy appear to be intended, the estate shall be holden in common.
But this construction of the statute cannot reasonably be extended to a conveyance to husband and wife. Hére a severance of the tenancy cannot be had either at the will of the husband or the wife'. They do not take by moieties but by entireties ; and the alienation of the husband of a moiety, will not defeat the wife’s title to that moiety, if she survive him. The statute speaks of conveyances to “two or more persons,” but a conveyance to husband and wife is in legal construction a conveyance but to'one person. For if an estate be conveyed expressly in joint tenancies to a husband and wife and to a stranger, the latter shall take one moiety, apd the husband and wife as one person, shall take the. other moietjr.
And it is difficult to assign any good reason why survivorship between husband and wife is prejudicial to the commonwealth, or répugnant to the genius of Republics.
Chancellor Kent says that statutes of a similar nature (to this one of ours) have been passed in most of the States, which, however, are not applicable to conveyances to husband and wife. 4 Kent’s Com. 358.
The only case that I have seen against this doctrine of husband and \yife holding by entireties, is the one from Connecticut—11 Conn. *389 Rep. 8.37; tliat admits that the common law on this subject is, and agrees with the doctrine above declared as the common law doctrine of estates per entireties ; but the court’in that ease decided that the doctrine of entireties has never been in use in that State, which therefore decides nothing on this point, so far as regards our State, in which the common law has been adopted. I therefore declare my opinion to be, that the conveyance to husband and wife, is not, strictly speaking, an estate by joint tenancy, nor an estate in tenancy in common, but an estate in entirety ; and as such the survivor will own the whole upon the death of the other, and such being the decision of the court below, I find no error in its judgment, and my brother judges concurring in this' opinion, tjie judgment below is affirmed.