THE STATE OF MISSOURI *ex rel.* GERHARD TOEBBEN, Respondent, v. BEN F. BRADY *et al.*, Appellants.

St. Louis Court of Appeals, March 7, 1893.

1. **Pleadings:** ACTION AGAINST CONSTABLE FOR REFUSAL TO ALLOW STATUTORY EXEMPTIONS. An execution debtor sued a constable for refusal to allow him to select the property levied upon, which amounted to less than $300, as exempt under Revised Statutes, section 4,906, in lieu of that specifically exempted by Revised Statutes, section 4,903. *Held* that it was not necessary for him to allege in his petition that he did not possess the property specifically exempted, nor that his entire property, including that levied upon, did not exceed in value the sum of $300, to which his right of exemption was limited by said section 4,906.

2. **Married Women:** MONEY DEPOSITED IN BANK TO JOINT CREDIT OF HUSBAND AND WIFE. Under the present statutes a husband and wife can own personalty jointly, and, in the absence of proof to the contrary, they will be taken to be the joint owners in equal shares of money on deposit in bank to their joint credit.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*T. J. Rowe*, for appellants.

(1) The petition does nor state facts sufficient: to constitute a cause of action. *Brown v. Hoff- meister*, 71 Mo. 411; *State to use v. Brooke*, 29 Mo. App. 289. (2) Upon the pleading and proof the judgment should have been in favor of defendants and against plaintiff. (3) The law presumes that money deposited in bank in the joint names of husband and wife is the husband's money. *Hemsereich v. Corlas*, 24 Mo. App. 264; *McFarren v. Kinney*, 22 Mo. App. 555.

*Henry Kortjohn*, for respondent.

(1) There may be a joint tenancy in personal property as well as in real estate, and, as in real estate the shares of the parties will be deemed to be equal, and the tenancy will be severed by process against one of the tenants. Freeman on Co-tenancy & Partition [2 Ed.] secs. 10, 16, 33; 4 Kent's Commentaries, 357; Thompson on Homesteads & Exemptions, sec. 192; 1 Washburn on Real Property [4 Ed.] 407. (2) The debtor may select as exempt any property; he may select the particular property levied on or garnished, no matter what other property he may have. *State ex rel. v. Kurtzeborn*, 2 Mo. App. 335; *State ex rel. v. Finn*, 8 Mo. App. 261; *State ex rel. v. Beamer*, 73 Mo. 37. (3.) It was therefore not necessary for the plaintiff to either allege or prove that he had no other property besides that levied upon. See authorities cited under second point; also *State ex rel. v. Farmer*, 21 Mo. 160.

BIGGS, J.—By the first and second subdivisions of section 4903 of the Revised Statutes of 1889, certain property therein mentioned, when owned by the head

of a family, is exempt from attachment and execution. By section 4906 each head of a family may, in lieu of the property above mentioned, select and hold as exempt any other property, whether real or personal, debts or wages, not exceeding in value $300. Section 4907 makes it the duty of the officer having the execution to notify the debtor of his exemption rights. The relator brought the present action against the defendant Brady and sureties on his official bond, alleging as breaches thereof that, on the second day of September, 1891, Brady was a constable in the city of St. Louis, and that on that day he received an execution against the relator, which was issued on a judgment rendered by a justice of the peace of the city; that at the time the relator was the head of a family and a resident of the city of St. Louis; that Brady attached in the hands of the LaFayette Bank the sum of $188, the property of the relator; that Brady failed to notify the relator of the garnishment or of his exemption rights, by reason whereof judgment was taken against the bank as garnishee and the money paid to Brady; that, as soon as the relator was advised of the said garnishment, he notified Brady that he claimed the money as exempt, and demanded that the money be paid to him, which Brady refused to do. The trial resulted in a judgment for the relator. The defendants have appealed.

The breaches of the bond are well assigned. Brady failed to notify the relator of his exemption rights, and afterwards refused to pay to him the money when notified of the claim. It was not necessary to allege that the relator did not have the property mentioned in the first and second subdivisions of section 4903; for, whether he had it or not, his right to select and hold as exempt the money in the hands of the bank existed. *State ex rel. v. Beamer,* 73 Mo. 37. Neither was it necessary for him, in order to recover

full damages, to aver that the money in the bank was all the property that he possessed, nor that when added to his other property, it would not have exceeded in value the statutory exemption. If the relator possessed other money or property at the time, equal in value to his exemption, it devolved on Brady to show it.

It was admitted that Brady failed to notify the relator of his exemption rights, and that he refused to pay the money when the claim was made by him. There was evidence tending to show that, at the time the garnishment was served, there was deposited in the La Fayette Bank, to the joint credit of the relator and Gazena Toebben his wife, the sum of $550.50. The cashier of the bank was not positive whether a cashier's check was issued for the amount of the deposit, or whether the deposit was evidenced by an ordinary pass book given to depositors. But in either event the money was to the joint credit of Toebben and wife.

The contention of the defendants' counsel is that, notwithstanding that the deposit was made in the joint names of the relator and wife, the money was the sole property of the husband, and hence the amount of the deposit in excess of $300 was subject to the garnishment. If counsel be correct in his premise, his conclusion must follow. What title or interest, if any, did Mrs. Toebben have in the deposit? In *Polk's Adm'r v. Allen*, 19 Mo. 467, it was decided that husband and wife could not be the joint owners of a slave which had been bequeathed to them jointly. It was held that possession of the slave vested the entire title in the husband. But in *Shields v. Stillman*, 48 Mo. 82, it was held that a promissory note made payable to husband and wife created a joint ownership of the note, and that the surviving joint payee took the note by survivorship. It is difficult to distinguish these cases upon principle. One seems to deny, and the other to recognize, that

personal property may be held by husband and wife as
tenants by entireties. But under recent enactments in
this state it is useless to discuss the property rights of
married women from such a standpoint, as the com-
mon-law rules had for their foundation the principle
that at common law the legal existence of the wife
apart from that of her husband is not recognized.
Under the statute of 1875 (sec. 6869 of the Revised
Statutes of 1889), all personal property of a married
woman, however acquired, becomes her separate estate,
and its possession by her husband in no way affects her
title in the absence of a written agreement by her to
that effect. In the Revision of 1889 a new section was
enacted (sec. 6864 of the Revised Statutes of 1889), in
which a married woman is declared to be a *feme sole*,
to the extent that she may carry on a separate business,
bind herself at law on her contracts, sue and be sued
either at law or in equity, and her property taken on exe-
cution to satisfy judgments against her. These enact-
ments give a married woman the unrestricted use and
ownership of her personal property. For all business
purposes she may be regarded as a *feme sole*. Time
only can prove the wisdom of the radical change thus
made in this important branch of the law.

We conclude that under the evidence the relator
and his wife were joint owners of the deposit in equal
shares, and that, as the relator's interest was less than
the statutory exemption, he was entitled to a judgment
for the entire amount paid to Brady by the bank.

There are one or two minor matters which it may
be best to notice. The claim is made that the evidence
failed to show that Toebben was the head of a family.
While no witness said that he was, all of them spoke of
him and his wife, and stated that they lived together at a
certain place in the city. The fact that the relator was

a married man, and that he and his wife lived together, was not a matter of controversy on the trial.

It is also claimed that the evidence shows that all the money belonged to Mrs. Toebben. The cashier of the bank testified that, after the garnishment was served, he issued his check for the amount of the deposit in favor of the relator and wife, and that Toebben afterwards told him that the money belonged to his wife. This only presented a case of conflicting evidence as to the ownership of the money, and, as the circuit court found the issue against the defendants, we cannot interfere. The fact, that the deposit was made in joint names of Toebben and his wife, made them *prima facie* joint owners of the fund.

The judgment will be affirmed. All the judges concur.