W. H. SCHMALHORST, Appellant, v. W. S. PEEBLES, Respondent.

**St. Louis Court of Appeals, May 11, 1897.**

1. **Husband and Wife**: SALE OF LAND WITH TITLE VESTED IN WIFE: RIGHT OF WIFE TO PROCEEDS. Where the title to land, sold by plaintiff, was in his wife, and notes taken in part payment of the land, the transaction was *prima facie* an advancement to her; and the fact that he paid for the land created no resulting trust in his favor as against her. *Gilliland v. Gilliland,* 96 Mo. 522.

2. ———: PROPERTY ACQUIRED BY "THE MEANS" OF WIFE: SEPARATE ESTATE. Nor could it avail plaintiff anything that the notes in question were delivered to him, and not to his wife; they were acquired by *her means,* and thereby became her separate property, under section 6869 of the statute. *Rodgers v. Bank,* 69 Mo. 560.

*Appeal from the Webster Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED; Judge BOND concurring, Judge BLAND not sitting.

*G. M. Gibson* and *Samuel Dickey* for appellant.

Taking the view of the court below that as the land was in the wife's name, the notes were hers, she is not a necessary party to enforce a vendor's lien on the land, where sale was made by the husband and the purchase money was to be paid to him. *Reugger v. Lindenberger,* 53 Mo. 364.

Conceding that plaintiff was the agent of his wife, the agent who sells goods, of which he is in possession, as his own property, may recover the price in his own name. *Coggburn v. Simpson,* 22 Mo. 357; *Keown & Co. v. Vogel,* 25 Mo. App. 35.

The husband by his common law right is entitled to the possession of his wife's land. *Merriwether v. Howe*, 48 Mo. App. 148.

The blank assignment of a nonnegotiable note is *prima facie* for value, and the burden of proof is on defendant. *Odell v. Presbury*, 13 Mo. 331; *Muldrow v. Agnew*, 11 *Id.* 616; *Labadie v. Chouteau*, 37 *Id.* 414.

A blank assignment is authority to the holder to fill up the blank assignment at or before the trial. *Wiggins v. Rectal*, 1 Mo. 478; *Taylor v. Larkin*, 12 *Id.* 103; *Muldrow v. Agnew, supra.* See, also, *Bennett v. Pound*, 28 Mo. 598.

When the makers are insolvent, no suit is required before suing assignor of nonnegotiable note. *Clemens v. Collins*, 14 Mo. 605; *Baker v. Blades*, 23 *Id.* 405.

Proof of maker's insolvency is a question of fact for the jury. *Pococke v. Blount*, 6 Mo. 338.

The assignor of nonnegotiable note can not be sued jointly with the makers. *Sanstag v. Conley*, 64 Mo. 476.

The notes sued on in this case are nonnegotiable. *Bank v. Jacobs*, 71 Mo. 619; *Same v. Same*, 73 *Id.* 35; *McCoy v. Green*, 83 *Id.* 626.

The statute making a married woman's real estate her separate property, was first enacted in 1889, and the act is not retractive. *Leete v. Bank*, 115 Mo. 184.

But the change in 1889 of section 6869, Revised Statutes 1889, was made by the revision committee, and does not appear in the session acts of 1889, or of any year prior thereto, which does not make it law or binding. *Dart v. Bagley*, 110 Mo. 53. Sess. Acts, 1889, p. 147, secs. 8, 9.

Action against an assignor of a nonnegotiable note, is not a suit on the note, and the note is not required to be filed by statute. *Stone v. Corbett*, 20 Mo. 353.

The married woman's act of 1875, and as amended in 1883, enabling her to sue alone, does not affect the husband's right to the proceeds of the realty of the wife. *Dillenberger v. Wrisberger*, 10 Mo. App. 465; *Clark v. Bank*, 47 Mo. 17.

Nor can he be held as trustee, unless the evidence of the intention to create such a trust is clear. *Tillman v. Tillman*, 50 Mo. 40; *Tennison v. Tennison*, 48 *Id*. 83. See, also, *Haux v. Shaw*, 25 Mo. App. 233.

*Lincoln & Lydy* for respondent.

A blank indorsement is not an assignment of a nonnegotiable note, and plaintiff had no cause of action at the time this suit was commenced. *Muldrow v. Agnew*, 11 Mo. 616, 622.

All the notes were in the same form and assigned in one general transaction. The judgment of the justice on two of these notes, the others being due at the time, is *res judicata* as to all of them, and estops plaintiff from again litigating the same question. *Edgell v. Sigerson*, 26 Mo. 583; *Skeen v. Thresher Co.*, 42 Mo. App. at 165; Her. on Estop., secs. 209, 210, 213, 238.

Plaintiff is disqualified as a witness to prove that his wife's real estate belonged to him, she being dead. R. S. 1889, sec. 8918; *Melcher v. Derkum*, 44 Mo. App. 657; *Luis v. Lenhardt*, 127 Mo. 271, 290; *Meir v. Thieman*, 90 *Id*. 433, 443; *Chapman v. Dougherty*, 87 *Id*. 617, 626.

Plaintiff's wife gave the consideration for these notes, never assigned the notes in writing, and plaintiff never reduced them to his possession as required by law. R. S. 1889, sec. 6869; *Alkire Grocer Co. v. Ballenger*, 38 S. W. Rep. (Mo.) 911.

No vendor's lien exists in this case. The grantee assigned to his vendor the notes of third parties. The lien is waived. *Delassus v. Poston,* 19 Mo. 425; *Sullivan v. Ferguson,* 40 *Id.* 79; *Durette v. Briggs,* 47 *Id.* 356; *Christy v. McKee,* 94 Mo. 241; *Routte v. Murray,* 48 Mo. App. 1.

Under the evidence, *prima facie,* the land belonged to plaintiff's wife, and whether it was purchased with his funds or not, the sale of the land would give him no right to the proceeds, nor any interest therein. *Gilliland v. Gilliland,* 96 Mo. 522; *Rodgers v. Bank,* 69 Mo. 560; *Pitkin v. Mott,* 56 Mo. App. 401.

BIGGS, J.—The defendant is sued as the assignor of six nonnegotiable notes. The facts as established by the plaintiff's evidence are these: On the thirty-first day of March, 1891, the plaintiff bargained and sold to defendant a lot in the city of Springfield. In part payment thereof the defendant assigned the notes sued on in blank and delivered them to plaintiff. The title to the lot was vested in plaintiff's wife. The plaintiff claimed that the lot was bought with his money. The notes were delivered to him. Subsequently the wife died. After her death the plaintiff filled up the indorsements on the notes in his own name and then instituted the present action thereon. The plaintiff also introduced evidence which tended to prove that he had promptly instituted suits against the makers of the notes, had obtained judgments against them, and had been unable to collect any portion of the debts from them. Under this proof the circuit court instructed the jury to return a verdict for the defendant. This was done and judgment entered on the verdict. The plaintiff has appealed.

Did the plaintiff's evidence tend to prove his alleged ownership of the notes? We think it did not.

Schmalhorst v. Peebles.

It is admitted that the title of the lot was vested in plaintiff's wife, and that the notes represent a portion of the purchase money arising from its sale to defendant.

SALE of land with title in wife: right of wife to proceeds.

The fact (if it is a fact) that the plaintiff paid for the lot, in nowise helps out his case. There could be no resulting trust in his favor as against his wife, for the reason that the transaction must be regarded *prima facie* as an advancement to her. *Gilliland v. Gilliland,* 96 Mo. 522. Neither does it avail the plaintiff anything, that the notes were delivered to him and not to his wife. The notes were acquired by "the means" of the wife, and under section 6869 of "The Married Woman's Act," they were her separate property. *Rodgers v. Bank,* 69 Mo. 560. By the terms of the statute the plaintiff could only become the owner of the notes by the written assent of his wife. There is no pretense that such assent was given. Our conclusion makes the discussion of other questions unnecessary. The judgment of the circuit court will therefore be affirmed. Judge BOND concurs; Judge BLAND is absent.

PROPERTY acquired by "the means" of wife: separate estate.