Armstrong v. Johnson.

GEORGE B. ARMSTRONG, Admr., Appellant, v. F. C. JOHNSON et al., Respondents.

**St. Louis Court of Appeals, April 1, 1902.**

1. **Joint Ownership, When Presumed.** Where certificates of deposit in a bank, and promissory notes are made payable to A and B, the law presumes that they are the joint owners of them in equal shares.

2. ————: ————: EVIDENCE OF ONE JOINT OWNER NOT ADMISSIBLE AGAINST THE OTHER JOINT OWNER. Declarations by A made at the time of making the deposits in the bank and taking the certificate, to the effect that the whole of the money was his, would not be *res gestae*, but self-serving statements and wholly inadmissible as evidence.

3. **Married Women's Act: SEPARATE PROPERTY OF WIFE.** Since the enactment of sections 4339 and 4340, Revised Statutes 1899, the earnings of the wife, and money derived from the sale or rent of her separate real estate, is her separate property.

4. ————: SURVIVORSHIP OF HUSBAND OR WIFE NOT LAW OF MISSOURI: COMMON LAW ABOLISHED. And in this state of the statutory law, the common-law rule of suvivorship as applied to husband and wife, is inapplicable.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

REVERSED AND REMANDED.

STATEMENT.

Plaintiff is the administrator *de bonis non* of the estate of Margaret Stumm, deceased. Defendant is the executor of the last will of P. J. Stumm. P. J. and Margaret Stumm were husband and wife. They were married in 1878. Mar-

garet died May 7, 1897, and P. J. died in the month of September of the same year. Margaret was a widow when she married P. J. Stumm and as such had received from the estate of her former husband land worth about two hundred dollars and personal property of the value of two hundred and ten dollars. In 1894, P. J. Stumm purchased lot 16, block 18, in Peirce City, Missouri, for twenty-three hundred dollars and had the deed made to his wife. This was residence property and rented for some years at fifteen dollars per month, and later for ten dollars a month. On January 24, 1881, Margaret acquired lot 16, block 18, in Peirce City, for the express consideration of five hundred dollars, and on February 16, 1882, she acquired lot 3, block 33, in the same city for the express consideration of six hundred and fifty dollars. The rental value of these properties was from eight and a half to ten and a half dollars per month.

P. J. Stumm owned a two-story building in the business part of Peirce City, on the first floor of which he conducted a saloon and he and his wife resided on the second floor.

On March 16, 1895, P. J. Stumm deposited with the Lawrence County Bank one thousand dollars, and took from the said bank the following certificate of deposit:

"Lawrence County Bank.        No. 2387.
"$1,000.00.            "Peirce City Mo., Mch. 16, 1895.
"P. J. and Margaret Stumm have deposited with us one thousand dollars, payable to their order twelve months after date with interest at six per cent per annum.
                    "L. L. L. ALLEN, Pt."

This certificate was renewed from time to time as it matured and was in force at the time of Margaret Stumm's death.

On March 27, 1896, P. J. Stumm deposited with the same bank three thousand five hundred dollars and received therefor the following certificate:

"$3,500.00.                                      No. 2619.

.    "Peirce City, Mo., Mch. 27, 1896.

"P. J. and Margaret Stumm have deposited with us thirty-five hundred dollars, payable in current funds to their order six months after date, with interest at five per cent per annum.   No interest after maturity.

                              "WM. A. RHEA, Ass't C."

This certificate was also renewed from time to time as it matured and was in force at the time of Margaret's death.

The interest on each certificate as it matured was paid to P. J. Stumm.   Margaret was not present at any of the transactions between the bank and her husband in reference to these certificates.

On December 12, 1893, John and Margaret Hennegan executed a promissory note for two hundred dollars payable to P. J. and Margaret Stumm.   The note was written by P. J. Stumm and the money was handed to Hennegan by P. J. Stumm.

On December 20, 1894, Pat Casey and M. S. Doyle executed their promissory note for one hundred dollars payable to P. J. and Margaret Stumm.   P. J. Stumm wrote this note, also, but the money was handed over by Margaret.

Stumm continued in the saloon business for ten or twelve years and the evidence indicates that his business was profitable and that he was a prudent business man.   Neither Stumm nor his wife are shown to have had any bank-deposit account except the two certificates quoted above.

It does not appear who collected the rents on Margaret's real estate in Peirce City nor what disposition was made of these rents.

A short time after Margaret's death, P. J. Stumm surrendered the two bank certificates and had them re-issued and made payable to himself alone. He administered on his wife's estate and as such filed an inventory showing her personal

estate to consist of "One old bedstead, two old quilts, one old cookstove, six old chairs and two old dining-tables."

The inventory of P. J. Stumm's estate, as filed by defendant, includes the two certificates of deposit payable to P. J. Stumm alone, one for one thousand dollars and the other for thirty-five hundred dollars and the two notes mentioned above payable to P. J. and Margaret Stumm.

Both P. J. and Margaret Stumm died without children or their descendants.

Wm. A. Rhea, assistant cashier of the Lawrence County Bank, testified as follows:

"Have been with the bank seventeen years; was acquainted with P. J. and Margaret Stumm. Books do not show Margaret ever had in bank any money on deposit in her individual name. Our books show that at time of death of Margaret Stumm there was two certificates, one for $3,500 and one for $1,000 in the joint names of P. J. and Margaret Stumm. The $3,500 certificate was given in November, 1893, and the $1,000 appears first in March, 1894. These certificates were renewed every six months. On or about May 11, 1897, these two certificates were surrendered by P. J. Stumm and new certificates were issued in his name. Prior to the issue of these two certificates, issued in the joint names of P. J. and Margaret Stumm, neither of them had kept deposits in the bank in their individual names. Mrs. Stumm died a few days prior to the surrender of the two joint certificates."

He stated also that P. J. Stumm always brought the certificates to the bank for renewal and that he had no knowledge of any one ever having possession of the certificates except Stumm, and that it was his understanding that the money deposited was the money of P. J. Stumm.

Lewis L. L. Allen, president of the Lawrence County Bank, as a witness for defendant, testified that when P. J. Stumm deposited the money with the bank and took the certificate, he stated that he wished to deposit the amount and

that after the time and rate per cent was agreed on he said he wanted the certificate made payable to P. J. and Margaret Stumm so that the survivor could get the money; that he wanted it that way to keep the money from going into the hands of an administrator, and that the stubs of the certificates were made up in accordance with this request and that the stub to the thirty-five hundred dollars certificate reads as follows:

"$3,500, No. 2741, dated September 28, 1896; deposited by P. J. Stumm, order of P. J. and Margaret Stumm; time six months, rate five per cent; by instructions this certificate is to be paid to the surviving one in case of death of either."

The stub to the certificate for one thousand dollars has the same memorandum.

This evidence was objected to by the plaintiff on the ground that Margaret Stumm was not present when the statement was made and that her estate could not be bound by the statement. The objection was overruled, to which ruling plaintiff saved an exception.

Allen further testified that Margaret never exercised any control over the certificate to his knowledge and that after her death P. J. Stumm brought the certificates into the bank and surrendered them and that he never saw them in the possession of any one but P. J. Stumm.

The suit was in conversion to recover one-half of the two certificates and interest, and one-half of the two notes and interest. The trial was to the court, a jury having been waived.

On motion of plaintiff the court made a special finding of the facts and the law of the case, which finding is as follows: "In 1878, Peter J. Stumm and Mrs. Margaret Doyle were united in marriage. She died May, 1897. He died later in the same year. At the time of their marriage she owned 100 acres of land and something over $200 worth of personal property. I therefore infer from the real estate

deeded to her after their marriage and paid for by him, that
if they kept any account at all such conveyances to her more
than paid her for the rents of all of her property during the
whole time of their married life and that the money loaned
and deposited in their joint names was in fact his.  Now,
whether the facts are such as to have passed her the title to
the property in case of her survival is not material since he
survived.   From his conduct and statements at the time of
depositing the money I find that he intended to leave it so
that the survivor would get it and I hold that a deposit in-
tended in that way, even though not valid for that purpose is
not sufficient to give the donee any interest in the fund," and
rendered judgment for the defendant.

In due time plaintiff filed the following motion for new
trial:

"Comes now the plaintiff and moves the court to set
aside the verdict and 'findings herein, and grant him a new
trial hereof, for the following reasons, viz.:

"First.   The court committed error in permitting the
defendant, over the objections and exceptions of plaintiff, to
introduce irrelevant and incompetent evidence.

"Second.   The court committed error in refusing dec-
larations of law requested by plaintiff.

"Third.   The court committed error in not making spec-
ial findings of facts and law on all of the issues involved in
the case separate and apart from each other as requested by
plaintiff in writing so to do.

"Fourth.   The verdict is against the facts, and against
the law, and is not supported by the facts and the law."

The motion was by the court overruled and plaintiff ap-
pealed.

*R. H. Davis* for appellant.

(1) The statements of P. J. Stumm to the bank officials, at the time of depositing the money to the credit of P. J. and Margaret Stumm, were inadmissible to prove his title to the money deposited. Morey et al. v. Staley, 54 Mo. 419; Railroad v. Clark, 68 Mo. 371; Hambright v. Brockman, 59 Mo. 52; Gentry v. Field, 143 Mo. 399; Greenleaf on Ev. (14 Ed.), secs. 99, 149; Turner v. Belden, 9 Mo. 797. (2) It is a presumption of law that P. J. and Margaret Stumm each furnished one-half of the money deposited in the bank, represented by the several certificates of deposit read in evidence; and also of the money loaned Doyle and Hennigan. Tisdale v. Maxwell, 58 Ala. 40; In re Brooks, 5 Demarest 326; Tiedeman on Com. Paper, sec. 18; State ex rel. v. Brady, 53 Mo. App. 202. (3) The interest of Margaret Stumm in the notes and certificates of deposit, at her death, passed to her administrator and did not survive to the surviving payee. In re Alberchet, 136 N. Y. 91; Wait v. Bovee, 35 Mich. 425; Luttermoser v. Zenner, 110 Mich. 186.

*W. Cloud* and *F. C. Johnston* for respondent.

(1) The court did not commit error in permitting witnesses Rhea and Allen to testify as to what P. J. Stumm said when he deposited the money in the bank, his statements being part of the *res gestae,* and were explanatory of his intentions touching such deposits. Colt v. Ladue, 54 Mo. 486; Corbett v. Railroad, 26 Mo. App. 621; Tygard v. McComb, 54 Mo. App. 92; Wright v. Bragg, 45 U. S. C. C. A. Rep. 204, and cases cited. Stumm's declaration to the witnesses, Rhea and Allen, at the time of making deposit of money that it was "his, but that he wanted it to go to his wife, Margaret, in case she survived him," was admissible, as it was explanatory of his possession. Wright v. Bragg, 45 U. S. C. C. A. Rep.

204, and cases cited; Railroad v. Clark, 68 Mo. 374; Tygard v. McComb, 54 Mo. App. 93. If she had an interest in such evidences of debt, because of being designated as a co-payee with her husband, P. J. Stumm, when he deposited the money in the bank, and took the notes in their joint names from Doyle and Hennegan, such property passed to her surviving co-payee at her death. These notes and certificates of deposit were choses in action, and the surviving joint payee took them by survivorship. Shields v. Stillman, 48 Mo. 82, citing 16 Mass. 432 and 486; 2 Lawson's R. R. & P., p. 1357, sec. 742; Johnson v. Lusk, 6 Caldw. 113; Wells v. Moore, 68 Mo. App. 501. (2) Nor did the deposit of the money in bank by P. J. Stumm in the joint names of himself and wife, Margaret, coupled with the declaration made to the bank officials, that such money was to go to his wife in case she survived him, constitute a valid gift *causa mortis* to the wife, because: first, it was not made "in expectation of death;" and, second, there was no transfer of the possession of the property from the donor to the donee. 3 Lawson's Rights Rem. and Prac., p. 2422, sec. 1335, and note; 30 Am. Rep. 486; 107 U. S. 602; 43 Ohio St. 462; McCord v. McCord, 77 Mo. 166; Bieber's Adm'r v. Boeckmann, 70 Mo. App. 503; Wright v. Bragg, 45 U. S. C. C. A. Rep. 204, and cases cited.

BLAND, P. J.—I. The two certificates of deposit and the two notes being made payable to P. J. and Margaret Stumm, the law presumes that they were the joint owners of them in equal shares. State ex rel. Toebben v. Brady, 53 Mo. App. 202; Tisdale, Ex'r v. Maxwell, 58 Ala. 40; Tiedeman on Commercial Paper, sec. 18. There is no substantial evidence in the record tending to overthrow this presumption as to either of the two promissory notes, and substantially none, except the testimony of Allen, tending to show that the consideration for the two certificates of deposit was not equally furnished by P. J. and Margaret Stumm. The evidence of

Allen was objected to on the ground that the statements, testified by him to have been made by P. J. Stumm at the time of the transaction, were inadmissible for the reason that they were made in the absence of Margaret Stumm, the other party in interest. On the theory that one-half of the money was furnished by Margaret it is clear that P. J. Stumm could not prejudice that interest by any declaration he might make concerning the fund to a third party in her absence, and in determining the admissibility of this evidence we should not, therefore, lose sight of the fact that the certificates were made payable to both P. J. and Margaret Stumm and the legal inference to be drawn therefrom, i. e., that each furnished one-half of the money. If we infer, as we are bound to do, from the wording of the certificates and from the transaction, that Margaret and P. J. Stumm furnished the money in equal parts with the understanding that P. J. should deposit the money in the bank and take certificates of deposit therefor payable to them jointly, it is clear that in a suit between them, if living, concerning Margaret's interest in the certificates, declarations by P. J. made at the time of making the deposits, to the effect that the whole of the money was his, would not be *res gestae* but self-serving statements and wholly inadmissible as evidence. No more is this character of evidence admissible in a suit between the administrator of Margaret Stumm and the executor of the estate of Peter Stumm.

II.   Since the enactment of sections 4339 and 4340, Revised Statutes 1899, the earnings of the wife and money derived from the sale or rent of her separate real estate, is her separate property. Brown v. Brown, 124 Mo. 79; Bartlett v. Umfried, 94 Mo. 530; Gilliland v. Gilliland, 96 Mo. 522; Schmalhorst v. Peebles, 71 Mo. App. 219. As to such personal property rights she is a *feme sole*. Leete v. The State Bank of St. Louis, 115 Mo. 184. In this state of the statutory law, the common-law rule of survivorship as applied to husband and wife is inapplicable, because inconsistent with

the statutes. Toebben v. Brady, supra; Robinson's Appeal, 30 L. R. A. 331, and note.

As the judgment must be reversed for the admission of illegal testimony over the objection of the plaintiff, we deem it unnecessary to notice the other assignments of error made by the plaintiff as they may not occur on a retrial of the cause.

The judgment is reversed and the cause remanded. *Barclay* and *Goode, JJ.*, concur.