# C. P. RYAN, Administrator, Respondent, v. J. R. FORD, Executor, Appellant.

### Springfield Court of Appeals, December 5, 1910.

1. **HUSBAND AND WIFE: Wife's Property: Bills and Notes.** A promissory note was made payable to a husband and wife. The husband survived the wife and on the husband's death his administrator collected the note. The administrator of the wife sued the husband's administrator, claiming the note was the proceeds from the sale of the wife's property. Evidence examined and *held* to show that the note was from the sale of the wife's property and that under an agreement between them the husband was to have only the interest from the note during his lifetime, and that the evidence was sufficient to entitle plaintiff to recover.

2. **STATUTE OF LIMITATIONS: Husband and Wife: Bills and Notes.** A certain promissory note was made payable to the husband and wife. The note was the proceeds from the sale of property belonging to the wife. Under an agreement between the husband and wife, the husband, in case he survived the wife was to have the interest on said note during his lifetime, after which the note was to go to the wife's daughter. The husband survived the wife, and on his death his administrator collected and retained the principal of the note as part of the husband's estate. *Held,* that the statute of limitations did not begin to run in favor of the husband during his lifetime.

3. **ESTATE BY ENTIRETY: Personal Property: Husband and Wife.** In this state there may be an estate by entirety in personal as well as real property, and as between husband and wife in order to create an estate by entirety it is not necessary that the instrument creating it so states.

4. ————: ————: ————: **Bills and Notes: Prima Facie Evidence.** Where a promissory note is made payable to a husband and wife, it is prima facie evidence that they are equal owners thereof, but proof may be offered to show who is the real owner and entitled to the proceeds of the paper.

Appeal from Cedar Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*R. N. Banister* for appellant.

(1) Plaintiff's right of action, if any ever existed, was, at the time the suit was filed, barred by limitations. Rosenberger v. Rosenberger, 92 Mo. App. 27; Smith v. Seattle, 128 Mo. App. 379; Reed v. Painter, 145 Mo. 346. (2) Disregarding the incompetent, irrelevant and immaterial testimony, as this court will do on review, the case being in equity, plaintiff failed to prove a case, and the judgment should have been for the defendant; and the same is true upon the consideration of all the testimony as it stands. Johnson v. Quarles, 46 Mo. 423; Ringo v. Richardson, 53 Mo. 393 et seq.; McMurray v. McMurray, 180 Mo. 526; Curd v. Brown, 148 Mo. 92; Woodford v. Stephens, 51 Mo. 385; Modrell v. Riddle, 82 Mo. 31. (3) The note being for a part of the consideration of the sale of James' land, and made payable to James and Susan, there was thereby created an estate by the entirety therein, with the correlative right of survivorship in the longest liver to the whole note. Hall v. Stephens, 65 Mo. 670; Bank v. Fry, 168 Mo. 492; Johnson v. Johnson, 173 Mo. 91; Frost v. Frost, 200 Mo. 474.

*Lee B. Ewing, J. R. Moss, Foulke & Brown* for respondent.

(1) The promissory note in question, being payable to James S. Naudain and Susan Naudain, who were husband and wife, the law presumes that they were joint owners in equal shares in the same without right of survivorship. State ex rel. v. Brady, 53 Mo. App. 202; Armstrong v. Johnson, 93 Mo. App. 492; Wait v. Bovee, 35 Mich. 425; Tiedeman on Commercial Paper, sec. 18; Tisdale's Executor v. Maxwell, 58 Ala. 40. (2) The law presumes that the husband and wife were joint owners in equal shares of the note payable to both; but it could be shown by evidence that it was

all his or all hers, without right of either to claim any part by survivorship.· Armstrong v. Johnson, 93 Mo. App. 492; State ex rel. v. Brady, 53 Mo. App. 202; Denigan v. San Francisco, 127 Cal. 142, 59 Pac. Rep. 389; In re Albrecht, 136 N. Y. 91; Schecke v. Grote, 7 Atl. 852, 42 N. J. Equity 352; Brown v. Brown, 23 Barb. 565; Withrow v. Lord, 48 N. Y. 772; Kennebeck Savings Bank v. Fagg, 83 Me. 374; Wait v. Bovee, 35 Mich. 425; Johnson v. Johnson, 173 Mo. 91.   (3) Estates by the entirety have for their basis the legal unity of husband and wife. Estates by the entirety in personal property did not exist at common law, and have no place under our statutes. 2 Wendell's Blackstone's Commentaries, 432; Polk's Administrator v. Allen, 19 Mo. 467; Armstrong v. Johnson, 93 Mo. 501; Robinson's Appeal, 30 L. R. A. 331.

GRAY, J.—This is a suit by the administrator of the estate of Susan Naudain, against J. R. Ford, the executor of the estate of James S. Naudain, to recover the proceeds of a promissory note for $1600.   The note was dated October 6, 1903, due five years from date, and payable to James S. Naudain and Susan Naudain.   The payees were husband and wife.

Susan Naudain died intestate in March, 1907, and James S. Naudain died testate in August, of the same year. They were married in Illinois about the year 1878. Mrs. Naudain, prior to her marriage, was a widow of Barnabas Collier, who died in Illinois. There was born to the marriage with Collier one child, now Mary Dalton. Naudain had no children at the time he married Susan Collier, and no child was born of that marriage, and Mary Dalton is the sole descendent of her mother, and is now the wife of T. J. Dalton.

At the time of the marriage of James and Susan, the latter owned or ·had an interest in about ninety acres of land in Montgomery county, Illinois.   This property came to her from her former husband, and

the evidence shows from it she realized certain sums of money. At the time of the marriage, James owned a team, some farm implements and claimed some interest in fifty acres of land, but he was considerably in debt. In 1880 James came to Missouri, leaving his wife and step-daughter in Illinois. At the time he left Illinois, he had nothing but an ordinary team and wagon, and when he reached Vernon county, Mo., the evidence does not show he had that property. In 1880, he bought eighty acres of land in Vernon county at an agreed price of $280. He took the title in his own name, but soon after, wrote to Illinois to his wife for money to pay on the land. In the spring of 1882, Mrs. Naudain and her daughter came to Vernon county, and the family lived for several years on the eighty acre tract, and until it was sold in 1903, except for a period of about three years, during which time James was in Oklahoma.

The evidence shows that at different times when he lived on the land, Naudain made statements that his wife had paid for the land, and it was hers; "that her money had helped him out in paying for the land." The evidence further shows, when the county assessor called for the assessment of his property, James referred him to his wife, for the reason that the land belonged to her. In 1890, under a prior understanding and agreement, Naudain and wife made, acknowledged and executed a deed to the land to William C. Newberry, and sent the same to Newberry at Irving, Illinois. The deed was received by Newberry, and in carrying out the understanding to that effect, he and his wife made, executed and acknowledged a quit-claim to the land to Susan Naudain. The evidence does not show that the deed to Susan was ever delivered, only that it was deposited in the post office, directed to James Naudain. But the evidence does show that the deed to Newberry was made and delivered in pursuance to an arrangement made by James S. Naudain with

Mr. Newberry while the latter was visiting Naudain at his home in 1889, and for the express purpose of putting the legal title in Mrs. Naudain.

In 1903, the land was sold to the said T. J. Dalton for the price of $3000, subject to a deed of trust for $750. The balance of the purchase money, except $300 in cash, was evidenced by three promissory notes, one for $150, one for $200, and one for $1600, each payable to James S. Naudain and Susan Naudain. The first two of the notes were paid in the lifetime of Susan Naudain. The other was collected by the defendant herein in February, 1909.

The plaintiff's evidence tends to show that at the time the land was sold and the $1600 note executed, the manner in which the note and deed of trust should be drawn was discussed in the presence of a justice of the peace, who prepared the deed and notes, and it was finally agreed that the note should be made payable to both and the survivor was to have the interest on it until death, when the note should pass to John Dalton and wife. The reason for this arrangement was expressed by a declaration of James Naudain to the effect that the property should go to Mrs. Dalton and John, as the Naudains had nothing to do with the accumulation of the property.

The petition charged the relation of the parties, and that Mrs. Naudain, at the time of her death, was the owner of the note; that after her death her husband took possession of the note and retained it until his death, and after his death, his executor took possession of the note and collected it, and prayed for judgment for the amount collected.

The answer consisted of a general denial and a plea of the statute of limitations under sections 4279 and 4281, R. S. 1899. The evidence shows when the case was called for trial, both parties agreed to try it as an equity case. The trial court rendered judgment in favor of the plaintiff and defendant appealed.

The first question to be determined is the defense of the Statute of Limitations. Section 4279 provides, if any person entitled to institute a suit shall die before the expiration of the time limited for the commencement of the suit, and if the cause of action shall survive to his representative, his executor or administrator may, after the expiration of such time and within one year after such death, commence such action, but not after that period.

The appellant relies on the cases of Rosenberger v. Mallerson, 92 Mo. App. 27; Smith v. Settle, 128 Mo. App. 379, 107 S. W. 430; Reed v. Painter, 145 Mo. 341, 46 S. W. 1089.

In each of those cases, the statute of limitations was running at the time of the death of the person under disability, and therefore, it was properly held that under the provisions of the above section, the representative was limited to the period of one year in which to institute the suit.

In the present case, no statute of limitations was running against Mrs. Naudain. According to the plaintiff's testimony, the note was to be retained by Naudain in case his wife died first, and he was to collect the interest on it until his death. There was no adverse holding or claim made by Naudain against her during her life, and none during his lifetime. It is therefore apparent that the statute has no application.

If we disregard all of the history of the facts down to the time James Naudain concluded to have the title to the eighty acres of land placed in the name of his wife, yet it stands uncontradicted that he informed Mr. Newberry that his wife's money had paid for the land and he wanted to put the title in her name, and that a deed was made and delivered to Mr. Newberry for that purpose. If the deed from Newberry to Mrs. Naudain was never delivered, the deed from the Naudains to Newberry was delivered, and under the arrangement, Mrs. Naudain became the equitable

owner of the land and Newberry was simply a trustee for her benefit. While she was thus the real owner of the land, it was sold and the note in controversy is the proceeds therefrom.

In this state there may be an estate by entirety in personal property as well as real property, and between husband and wife, in order to create an estate by the entirety, it is not necessary that the instrument creating it should so state. [Johnson v. Johnson, 173 Mo. 91, 73 S. W. 202.] It is also the rule that where personal property like a promissory note is made payable to the husband and wife, it is prima facie evidence that they are equal owners thereof, and each is entitled to a one-half interest therein. [Johnson v. Johnson, supra; State ex rel. Toebben v. Brady, 53 Mo. App. 202; Armstrong v. Johnson, 93 Mo. App. 492, 67 S. W. 733; Wait v. Bovee, 35 Mich. 425; Tisdale v. Maxwell, 58 Ala. 40; In re Albrecht, 136 N. W. 91; Tiedman on Commercial Paper, sec. 18.]

The courts, however, recognize the fact that the note payable to husband and wife, is only prima facie evidence to joint ownership therein, and that proof may be offered to show who is the real owner and entitled to the proceeds of the paper. [State ex rel. Toebben v. Brady, supra; Armstrong v. Johnson, supra; Johnson v. Johnson, supra; Tiedman on Commercial Paper, sec. 18; McLeod v. Venable, 163 Mo. 536, 63 S. W. 847; McGuire v. Allen, 108 Mo. 407, 18 S. W. 282.]

Some objections have been made to the sufficiency of the evidence to establish the agreement between Susan and James, that the survivor was to have the interest on the note until death, and then the note or its proceeds should pass to the daughter of the wife. It is true this is an equity case, and this court is not bound the same as in a suit at law, by the findings of the trial court on the facts. The physical facts, however, strongly corroborate the plaintiff's theory.

When Susan and James were married, he had practically nothing, but she owned or had an interest in ninety acres of land which was owned by her former husband. After James purchased the tract of land in Missouri, he called on her for funds to assist him in paying for it, or improving it. When the assessor called to assess the property, he was notified by James that it belonged to Susan. On numerous occasions she claimed the property in James' presence, and her ownership was never denied. Under an arrangement with an old friend, he executed a deed to the latter for the purpose of having the title to the property placed in his wife's name. James had no child, but Susan had one. At the time the property was conveyed to the daughter and her husband, Susan was really the owner thereof, and the proceeds of the money from the sale of the real estate belonged to her. It was not an unreasonable, but a very proper thing, for James and Susan to provide that the note was to be held, and if he survived her, the interest thereon should be used to support him, but when he died, the note was to pass to her daughter.

The witnesses who testified to the above facts were not interested in the result of the litigation, but were citizens who had lived many years in the community where their testimony was taken, and the trial court believed them and there was nothing in their testimony to authorize this court to disbelieve them.

In deciding this case, we have not overlooked the contention of the appellant that the court erred in admitting parol testimony to prove the contract between Mr. and Mrs. Naudain, as to the interest each should have in the note. When the testimony was offered, it was objected to on the ground that the contract was in writing and parol testimony was not admissible to vary or contradict its terms. The contract between James and Susan was not in writing. There was a contract between Mr. and Mrs. Dalton,

the makers of the note, and Mr. and Mrs. Naudain, the payees thereof, but that contract did not purport to be a contract between Mr. and Mrs. Naudain.

The judgment is for the right party and the record being free from substantial error, will be affirmed. All concur.