William F. CANN and Jane W. Cann,
Plaintiffs-Respondents,

v.

M & B DRILLING COMPANY, Inc., a Kansas Corporation, and B. W. Klippel, Jr.,
Defendants-Appellants.

No. 34188.

Missouri Court of Appeals,
St. Louis District.

April 25, 1972.

Marshall and Littmann, Joseph T. Walsh, Clayton, for defendants-appellants.

Lusser, Hughes & Lusser, St. Louis, for plaintiffs-respondents.

SIMEONE, Judge.

This is an appeal by appellants-defendants M and B Drilling Company, Inc. and B. W. Klippel, Jr. from a judgment entered against defendants jointly and severally in a total amount of $4,800 arising out of a sale of a security allegedly sold in violation of the Missouri Securities (Blue Sky) Law, Chapter 409, RSMo.[1]

In their petition the plaintiffs-respondents, Mr. and Mrs. William F. Cann, alleged that the defendants, M and B Drilling Company, Inc., acting through the defendant, B. W. Klippel, Jr., as agent, sold to plaintiffs a convertible debenture in August, 1964. They alleged that the debenture constituted a security within the meaning of the Missouri Securities Law; that the security was not registered as required; that the plaintiffs notified the defendants of their election to declare the sale void, tendered the security to the defendants and demanded repayment, but the defendants had refused to accept the tender. Plaintiffs prayed that judgment be rendered to recover the purchase price of the security, $2,500, together with interest and attorneys' fees. Defendants filed an amended answer alleging that the transaction was exempt under the Missouri Securities Law, § 409.050.

Trial was held without a jury on October 8, 1970. The trial court made findings of fact and conclusions of law and entered judgment on December 15, 1970, in favor of the plaintiffs-Canns in the amount of $2,500 plus $800 interest and $1,500 attorneys' fees. After their motion for a new trial was denied, defendants appealed.

The record shows that Mr. Klippel initially contacted Mr. Cann in July of 1964 and told Mr. Cann that he had an investment that might be of interest. After some

1. The cause of action arose at a time when the Missouri Securities (Blue Sky) Law, Chapter 409, was in effect. In 1967, the General Assembly adopted the Missouri Uniform Securities Act, Chapt. 409, RSMo 1969, V.A.M.S., Laws, 1967, p. 611. All references are to Chapter 409 as it existed prior to the adoption of the Missouri Uniform Securities Act, unless otherwise indicated.

discussion, Mr. Cann decided to invest in M and B for "investment purposes." On August 1, 1964, the Canns purchased the convertible debenture for $2,500. The debenture agreement was made between M and B and "William F. Cann and Jane W. Cann, husband and wife, as tenants by the entirety with right of survivorship." .

During the plaintiffs' case, certain answers to interrogatories propounded to Klippel were introduced by plaintiffs. Answers to Interrogatory No. 8 revealed that twenty-eight persons in their individual capacity were issued securities and eleven securities were issued to certain persons as husband "et ux." [2] The trial court counted husband and wife as individual persons and not as *one* person as urged by the defendants and found that securities had been issued to fifty *persons*. In its findings of fact and conclusions of law, the court found that the plaintiffs-Canns purchased the security, made a demand for the return of the purchase price, found that all the securities sold by the defendants were sold and issued within a period of seven or eight months, that the certificates were sold to fifty persons [28 individuals and 11 married couples counting husband and wife as individual persons] and that neither M and B Drilling Company, Inc. nor Klippel was registered as a dealer or salesman of securities under the Missouri Securities Law. The court further found that the certificate was a "security," that the sale was not an exempt "security" within the meaning of § 409.040, that the sale was not an exempt "transaction" within the meaning of § 409.050, that none of the securities were registered pursuant to the provisions of § 409.030 and that the sales were void as being in violation of § 409.030 (requiring registration of securities), § 409.130 (prohibiting sales contrary to chapter) and § 409.140 (prohibiting "dealer" or "salesman" from engaging in business unless registered). Therefore, the court rendered

judgment against M and B Drilling Company, Inc., and Klippel.

In our opinion, the principal issue presented by this appeal is whether the sale of a security by the defendants is exempt under the provisions of the Missouri Securities Law so that the plaintiffs may not void the sale and recover the purchase price. The determination of that issue primarily hinges upon whether a husband and wife who purchase securities are to be treated in law as one person or are to be treated as two persons under the Securities Law. Since under that law a seller may sell to a total of forty persons, the resolution of whether husband and wife are to be treated as one person or two persons is critical.

Section 409.240 [3] provided that a sale made in violation of any of the provisions of this chapter shall be voidable at the election of the purchaser, and the person making such sale and every director, officer or agent of such seller shall be "jointly and severally" liable to the purchaser together with court costs and reasonable attorneys' fees. Plaintiffs seek to declare the sale voidable under this section.

M and B Drilling Company, Inc. and Klippel claim that the sale was an exempt transaction under the provisions of § 409.-050. That section provides:

"Except as herein provided, the provisions of this chapter do not apply to the sale of any securities in any of the following transactions:

\*   \*   \*   \*   \*   \*

(6) The issuance or sale by any person of securities of its own issue, if immediately thereafter the total number of holders of all the securities of the person will not exceed twenty-five in number, and the total promotion expenses in connection with such issuance or sale, exclusive of statutory fees and inclusive

---

2. The phrase "*et ux.*" is, of course, an abbreviation for *et uxor*,—"and wife." Black, Law Dictionary.

3. Although differently worded, the comparable section of the Missouri Uniform Securities Act is § 409.411.

of commissions on the sale of securities, will not exceed a sum equivalent to two per cent of the issuance or selling price thereof; [4]

\* \* \* \* \* \*

(9) The issuance or sale by any person (notwithstanding the number of holders of securities of such person) of securities of its own issue to not more than fifteen persons in this state during any period of twelve consecutive months if the buyers represent that they are taking for investment and the seller reasonably accepts their representations as true. In determining the fifteen persons, purchasers of securities exempt under this chapter, purchasers of securities in transactions exempt under this chapter and purchasers of securities registered under this chapter shall be excluded. . . ." [5]

Under this section, securities may be sold as long as the total number of "holders" does not exceed twenty-five and during a period of twelve consecutive months, sales are made to not more than an additional fifteen "persons."

So it must be determined whether the sales were made to thirty-nine persons [28 individuals and 11 husbands and wives with each couple being counted as one person] or fifty persons [28 individuals and 11 husbands and wives counted as separate persons]. If the number forty is exceeded then, of course, the sale to the plaintiffs is not exempt. If the defendants' sales come within § 409.050, the defendants were not subject to the registration requirements and the sale to the Canns is not voidable. Defendants-appellants urge that husband and wife, as tenants by the entireties, are one person within the meaning of this section, and hence the transaction is exempt.

■ In this state, an estate by the entirety exists in both real and personal property. Gibson v. Zimmerman, 12 Mo. 385; Ryan v. Ford, 151 Mo.App. 689, 132 S.W. 610; Ambruster v. Ambruster, 326 Mo. 51, 31 S.W.2d 28, 77 A.L.R. 782; see cases collected in Annot., 64 A.L.R.2d at 25. Ever since the early decision of Gibson v. Zimmerman, *supra*, it has been held that when a conveyance of real estate is made to husband and wife they take, neither as joint tenants nor tenants in common, "but both are seized of the entirety." They become seized *per tout, et non per my* (by the whole and not by the part as in the case of joint tenants). A thorough discussion of the estate by the entirety is found in Otto F. Stifel's Union Brewing Co. v. Saxy, Mo.Sup., 273 Mo. 159, 201 S. W. 67. There it is said, at l.c. 68, that a husband and wife take "not as separate individuals and by moieties, but as one person, each holding the whole of it." "The husband and wife, by reason of their legal unity by marriage, take the whole estate as one person." Crosby v. United States, E. D.Mo., 298 F.Supp. 172, 173.

■ This was the common law rule which still subsists in this state. United States v. Hutcherson, 8th Cir., 188 F.2d 326; In re O'Neal's Estate, Mo.Sup., 409 S.W.2d 85; see also 15A Mo.Dig., Husband and Wife, ⟨key⟩14. The peculiar characteristic of this estate is that husband and wife hold property not as separate individuals but as one person, each holding the whole. United States v. Hutcherson, *supra*. In Missouri, "[t]he estate by entirety . . . still exists and is not destroyed or lessened by the Missouri statutes." Smith v. Smith, Mo.App., 300 S.W.2d 275, 281; Otto F. Stifel's Union Brewing Co. v. Saxy, *supra*.

It is also clear that personal property may be held by the entirety. Ryan v. Ford, *supra*; Johnston v. Johnston, Mo. Sup., 173 Mo. 91, 73 S.W. 202, 61 L.R.A.

---

4. Now § 409.402(b) (9).

5. Now § 409.402(b) (10). The word "persons" is not used in subsection (1). The section now provides "any transaction by an issuer in a security of its own issue if (A) during the twelve months' period ending immediately after such transaction the issuer will have made no more than fifteen transactions exempted by this paragraph. . . ."

166, 96 Am.St.Rep. 486; Lomax v. Cramer, 202 Mo.App. 365, 216 S.W. 575; In re Wetteroff, E.D.Mo., 324 F.Supp. 1365, 1366.

■ Joint ownership of property by husband and wife creates a presumption of tenancy by the entirety. Hanebrink v. Tower Grove Bank and Trust Co., Mo. App., 321 S.W.2d 524; Smith v. Smith, *supra*. This presumption applies to personalty. Securities held in the name of husband and wife likewise create a "presumption of ownership by the entirety which [can be] overcome only by competent evidence which [is] so unequivocal as to leave no doubt the intent of the parties was otherwise." Beaufort Transfer Co. v. Fischer Trucking Co., Mo.Sup., 451 S.W.2d 40, 44.

While Missouri courts have recognized the separate person of the wife in so far as her personal rights are concerned, Novak v. Kansas City Transit, Inc., Mo.Sup., 365 S.W.2d 539, our state, together with some twenty-two other states, has continuously held that the husband and wife take an estate not as separate individuals but as one person. See discussion in Powell, Real Property, pp. 619–627; and Phipps, Tenancy By Entireties, 25 Temple L.Q. 24. Public policy, the characteristics of the estate, the convenience and the effects of holding an estate by the entireties combine to give recognition to this method of holding property even in modern society.

■ In view of the fact that our courts have consistently chosen to preserve the common law conception of tenancy by the entireties as ownership of the whole by one person, it follows that a sale of a security to a husband and wife so denominated is a sale made to one "person" within the meaning of § 409.050(9) of the Missouri Securities Law.[6] A husband and wife holding a security as such and hence as tenants by the entirety constitute but one person within the meaning of that section. Therefore, securities were sold to thirty-nine persons [28 individuals and 11 husbands and wives] rather than to fifty persons.[7]

The trial court also concluded that the defendants were required to register as a dealer or salesman and since they did not, the sale of the security was void "as being in violation of Sections 409.030, 409.130 and 409.140, Missouri Revised Statutes." Section 409.130 is a general section which prohibits the sale of any security to any person contrary to the provisions of chapter 409. Section 409.030 provides that no securities except exempt classes under § 409.040 or exempt transactions under § 409.050 shall be sold unless the securities are registered. Section 409.140 prohibits a "dealer" or "salesman" from selling any securities unless he has been registered as a dealer or salesman. A "dealer" is defined in § 409.020 (4) as a person, "other than a salesman who . . . engages either for all or part of his time directly or through an agent in the business of selling securities issued by another person . . . ." A " 'dealer' does not include an issuer and does not include a person having no place of business in this state who sells or offers to sell securities exclusively to brokers or dealers actually engaged in

6. See Logan, Blue Skyways and Byways of Missouri, 25 J. of Mo.Bar, 584, 589. The author there states: "Each sale to a husband and wife as tenants by the entirety is considered a single transaction (or person) in computing the total number when claiming an exemption under either subsection, but in a sale to tenants in common or to joint tenants each is .regarded as a separate person and hence separate transactions arise."

7. The plaintiffs in their brief argue that there is a lack of any evidence that in each instance where the term "et ux." was used that this term automatically meant that the taking was as tenants by the entireties. But even assuming that the sale of the other ten securities did not provide expressly that the holding would be as tenants by the entirety, the ownership of property by husband and wife creates a presumption of such tenancy.

buying and selling securities as a business." A "salesman" is defined in § 409.020(11) as a natural person "other than a dealer, employed or appointed or authorized by a dealer or issuer to sell securities in any manner in this state. . . . " The "executive officers" of an issuer or a dealer are not salesmen within the meaning of the definition of salesman.

It is clear that defendants were not dealers as that term is defined. The definition of dealer excludes an "issuer" [§ 409.020(4)]. An "issuer" is defined in § 409.020(7) as any person who issues any security. Klippel was not a "salesman" since salesman excludes executive officers of an issuer. Klippel was president of the company, a member of the board of directors and operations superintendent. Hence, Klippel was not a salesman within the meaning of § 409.020(11).

Although the defendants fall within the cumulative numerical limits of § 409.050(6) and (9), and the defendants were not dealers or salesmen, it is also necessary for the defendants in order to bring themselves within the exemptions to show that the other requirements of the Securities Law are met. In Elliott v. Harris, Mo.Sup., 423 S.W.2d 831, 835, the requirements for exemption were set forth: "For a transaction to be exempt under § 409.050(9) the sale of unregistered securities must have been: (1) of securities of the seller's own issue; (2) to not more than fifteen persons in the state during any period of twelve consecutive months; (3) to buyers who represent that they are taking for investment; and, (4) the seller must reasonably accept their representations as true. To bring himself within the exemption defendant must show the existence of all four of the above factors." The plaintiffs contend, and we agree, that the burden is upon the sellers of the secu-

rity to bring themselves within the exemption provisions of the Securities Law. There is sufficient evidence in the record to show that several of these requirements have been met but not sufficient evidence to show that all the buyers represented that they were taking for investment or that the sellers accepted their representations as true.

Plaintiffs-respondents also raise a number of other contentions, e. g., (1) to be an exempt transaction the total promotion expenses in connection with the issuance or sale must not exceed two percent of the issuance or selling price, § 409.050(6); (2) whether or not all the buyers of defendants' securities took for investment purposes and the seller reasonably accepted their representations as true; (3) that the sales to not more than fifteen persons in this state took place during a period of twelve consecutive months. We do not believe these contentions were fully developed in the record. It may be that the parties desire to present evidence on these or other requirements tending to show that the sale was or was not exempt from the Securities Law. In our discretion we remand the case for such further development of evidence as the parties may desire. In view of the disposition we make, attorneys' fees cannot be determined at this time since the right to such fees depends upon the establishment of a violation of the Securities Law, § 409.240. For these reasons we remand the cause for further proceedings in the trial court.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

BRADY, C. J., dissents.

DOWD, SMITH and WEIER, JJ., concur.